## C. D. HOLMES v. J. R. CORYELL.

(Case No. 1553.)

1. ANCIENT INSTRUMENT — CERTIFIED COPY — EVIDENCE.— The certified copy of a recorded instrument purporting to be a deed, bearing date in 1843, and recorded the day after its date, on proof of its execution by the only subscribing witness thereto, was attacked by affidavit of forgery and not otherwise objected to in 1881. An affidavit showing diligent search for the original deed, and its loss, as a reason for its non-production was filed. It was shown that the grantor, grantee and subscribing witness were dead. *Held,*

(1) The Revised Statutes, art. 2257, admitting in evidence instruments of writing without proof of their execution, on conditions specified, was simply designed

Statement of the case.

to relieve a party from making statutory proof; and it imposes no greater burden on him who offers an instrument against which an affidavit of forgery has been filed, than the rules of evidence at common law required.

(2) An affidavit of forgery being filed, the party is simply remitted to his common law method of proof.

(3) The record made in 1843 evidenced with even more certainty than would the original deed, that it then had an existence, and was more than thirty years old.

(4) The reason for the rule requiring that an ancient instrument shall, to be admitted in evidence, come from a proper custody, is mainly founded on the idea that such custody affords evidence of delivery to him who claims under it. The registration of a lost deed also raises the presumption of its delivery.

(5) The certified copy of a deed thus registered, with strong corroborating facts to show the genuineness of the original,[1] was, after the lapse of thirty years from its date and registration, properly admitted in evidence. The deed, if in existence, would prove itself, and the statute, under circumstances specified by it, provides that "a certified copy of the record of any such instrument shall be admitted in like manner as the original could be."

(6) The charge of the court that "a deed over thirty years old is evidence without any other proof," was not a charge upon the weight of evidence, and not error. Had the court instructed the jury that its age afforded conclusive evidence of the genuineness of the deed, it would have been error.

(7) The grantor, grantee and subscribing witness being dead, there could be no better evidence that the deed once existed than that of the clerk before whom the instrument was proved for record by the subscribing witness, and who recorded the deed.

(8) If the evidence of the clerk had tended no further than to show that in 1843 he had in his possession a paper answering the description of the deed which was authenticated for record, and which he correctly transcribed in the county records, of which he was custodian, it would have been admissible.

(9) The rule requiring the best evidence of a fact in issue is only intended to exclude such testimony as may indicate the existence of more original sources of information.

2. EVIDENCE — CERTIFICATE.— A certificate from the comptroller of the state, as such, showing what property of a citizen was rendered for taxes for specified years, "as shown by the records" of a county named in the certificate, is one which he is authorized to make, and is admissible in evidence to prove the facts so certified to.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

On the 3d of September, 1874, J. R. Coryell filed this suit, trespass to try title, for the property in controversy, being block No. 6 of the Love and Grosbeck survey, or southwest quarter of out-lot No. 13 of present map of the city of Galveston.

April 27, 1875, plaintiff filed his affidavit of diligent search for certain original deeds in his chain of title, among others a deed for the property by Antonio Officier to J. Rump, dated July 13, 1843, and that the same were lost. Plaintiff filed certified copies of said

[1] NOTE.— For which see opinion.

deeds from the records of Galveston county, and gave defendant notice of the filing thereof.

This deed of Officier to Rump was proven for record by the only subscribing witness to it, and on trial the certified copy thereof was excluded by the court on the ground that a deed to be duly recorded must have two subscribing witnesses when it is proved for record by a witness. On appeal the commissioners of appeal held that this deed had been duly recorded, and in April, 1880, the mandate from the supreme court was filed in the district court.

Defendants below filed trial amendment, December 16, 1881, in lieu of former answer, and set up general demurrer, plea of not guilty, plea of three years' limitation, and that the deed of Antonio Officier to J. E. Rump was a forgery. They further alleged ownership of the property by inheritance as children and heirs of Antonio Officier and wife. Defendants filed, October 19, 1880, the affidavit of defendant Holmes, dated October 19, 1880, that he believed said deed (Officier to Rump) to be a forgery.

Plaintiff filed supplemental petition excepting to filing of affidavit of forgery, an l further alleging value of rents and profits of the property to be $5,000.

The court overruled plaintiff's exceptions. Verdict for plaintiff for the property and $440 for rents.

Much evidence was introduced in this case touching the character of J. E. Rump, and of the subscribing witness Edmunds, but its detail here would, in view of that portion of it which is stated in the opinion, subserve no useful purpose.

The assignments of error were as follows:

*First.* The court erred in permitting Oscar Farish, the former clerk of the county court, to testify as to the existence of an original deed from Antonio Officier to J. E. Rump, by placing before him (the said Farish) the record book of the registration of deeds, and upon his reading and examination of the same, testifying that there must have been an original, as he made a true copy, but he had no personal recollection of the matter.

*Second.* The court erred in admitting in evidence the certified copy of the deed from Antonio Officier to J. E. Rump, without further proof of the execution and existence of the original than the testimony of the witness Farish, as shown in the first assignment of errors.

*Third.* The court erred in admitting in evidence the certified statement from the office of the comptroller, showing the condition of the property sued for, as to the assessment and payment of taxes on the same.

*Fourth.* . The court erred on the trial of said cause in permitting the witness Oscar Farish to testify as to the contents of the records (the books of registration of deeds), the same not being in evidence in said cause.

*Fifth.* The court erred on the trial of said cause in admitting in evidence the certified copy of the deed of Antonio Officier to J. E. Rump, after the same had been impeached as a forgery in the manner prescribed by law.

*Sixth.* The court erred in instructing the jury that "a deed over thirty years old is evidence without any other proof."

*Seventh.* The court erred in permitting the certificate from the office of the comptroller of the state of Texas to be read in evidence without the same having been previously filed in said cause, and notice thereof given to the defendants or their attorneys of record.

*Wheeler & Rhodes*, for plaintiffs in error.

I. There was no foundation laid for such secondary proof. The records themselves were not in evidence, and it was not competent for the witness to testify as to their. contents. 1 Greenl., sec. 558, p. 689 (7th ed.); Dunn *v.* Choate, 4 Tex., 17, and authorities there cited. Again, having been impeached as a forgery, it was requisite to establish its execution as at common law.

II. The certified statement from the comptroller's office, as to rendition and payment of taxes, was not competent evidence, for the reason that it was not and did not purport to be a certified copy of any original or record of the said office, or of the office of the assessor or collector of Galveston county. Art. 2260, R. S., is a re-enactment of art. 3806, Pasch. Dig. See note in Paschal's Digest under this section. This court passed on the exact question in Highsmith *v.* The State, 25 Tex. Sup., 137. See also Allbright *v.* The Governor, 25 Tex., 694; Tinsley *v.* Rusk Co., 42 Tex., 46.

III. The charge of the court that "a deed thirty years old is evidence without any other proof," was erroneous, and grossly so in its application to the facts of this case. The mere existence of a deed for more than thirty years, without any proof of accompanying possession, is not enough in any case to authorize it to be read in evidence as an ancient deed, without proof of its execution; besides, the rule, when correctly stated, could have no application to the certified copy of a deed attacked as a forgery. In the case of ancient deeds, possession is necessary to and the foundation of the presumption. The following is the rule as laid down in Bouvier's Institutes, vol. 3, p. 348: "Ancient deeds and wills more than thirty years old, if un-

blemished and unaltered, are said to prove themselves. The sub-scribing witnesses are presumed to be dead. But in the case of deeds, possession must have accompanied them." "There must always be possession or other corroborating proofs." Abbott's Trial Evidence, p. 708, § 25. For full discussion, Fairly v. Fairly, 38 Miss., 280; Ridly v. Johnson, 11 Barb. (N. Y.), 527; Homer v. Cilley, 14 N. H., 85; Bank of Middlebury v. Rutland, 33 Vt., 414; Dishazer v. Maitland, 12 Leigh (Va.), 524; Middleton v. Moss, 2 Nott & McC. (S. C.), 55. A full citation of authorities, in addition, can be found in United States Digest, first series, vol. 5, p. 743, § 5268.

*Mann & Baker*, for defendant in error.

I. A certified copy, on compliance with statute as to loss of orig-inal, is admitted as an original; affidavit of forgery requires proof of execution of the original. The testimony of Farish was full proof at common law of execution of the lost original, and this testimony unimpeached, uncontroverted, put the certified copy before the jury with all the force of the thirty year old original. R. S., art. 2257; Willis v. Lewis, 28 Tex., 187–189; Winn v. Paterson, 9 Pet., 663, 674.

II. It is the lapse of time that dispenses with proof of deed over thirty years old. Accompanying possession need not be shown, and it is sufficient to show corroborative circumstances raising a presump-tion of the genuineness of the deed. Stroud v. Springfield, 28 Tex., 663; Greenleaf on Ev. (13th ed.), vol. 1, §§ 144, 21; Winn v. Pater-son, 9 Pet., 663, 664; Howard v. Colquhon, 28 Tex., 145; Bar v. Gratz, 4 W., 213, 221; Bouldin v. Massey, 7 W., 153, 155, 156.

III. At the time the certified copy was filed and notice given, it fixed right of introduction in evidence without proof unless affidavit of forgery was filed within one day after notice. The change of statute allowing affidavit of forgery within three days before trial did not affect rights fixed under previous statute. Pasch. Dig., art. 3716; R. S., art. 2257; Paschal v. Perez, 7 Tex., 365.

IV. The only issue being that of forgery, and the testimony of the party himself who made the affidavit of forgery showing clearly that he had no proper or sufficient ground for making the affidavit, and the evidence, as a whole, utterly failing to show any question as to the validity of the deed, the court will not reverse on questions of admissibility of evidence without which the re-sult should have been the same, or as to abstract correctness of a portion of a charge when the verdict should have been the same without it. James v. Thompson, 14 Tex., 463; Sypert v. McCowen,

28 Tex., 639; Davis *v.* Loftin, 6 Tex., 489; Barrow *v.* Philleo, 14 Tex., 347; Autrey *v.* Cannon, 11 Tex., 110; Albright *v.* Corley, 40 Tex., 105.

Stayton, Associate Justice.— Upon the former appeal it was decided by the commissioners of appeals, to whom the case was referred by agreement of parties, that the deed from Antonio Officier to J. E. Rump was properly admitted to record upon proof by the sole subscribing witness thereto of its execution, such authentication having been made before a proper officer and evidenced by a proper certificate.

This question having been so decided, it does not become necessary now to consider the question.

A certified copy of that deed having been tendered in evidence with affidavit accounting for the non-production of the original deed, and of other deeds which constituted links in the chain of the plaintiffs' title, this copy was objected to upon the sole ground that an affidavit had been filed by one of the defendants, stating that it was believed that the original deed from Officier to Rump was a forgery. No other objection seems to have been offered to the evidence.

That deed purported to have been executed on 13th July, 1843, and to have been proved for record by P. Edmunds, the only subscribing witness thereto, before Oscar Farish, clerk of the county court for Galveston county, on the 14th of July, 1843, on which day it was recorded in the records of deeds for that county, in Book C, p. 238. The objection to the certified copy of the deed having been made, the "plaintiffs then temporarily withdrew the offer of said certified copy, and introduced as witness in behalf of plaintiff, Oscar Farish, who testified as follows: That he was county clerk of Galveston county continuously from the organization of said county, in 1839, until after the end of Confederate war, when he was turned out of the office by the federal military authorities. That in 1843, and prior thereto, he knew Antonio Officier intimately; that Officier was a carpenter who dealt some in real estate, and he, the witness, generally did Officier's conveyancing, drawing his deeds and papers; that he was familiar with Antonio Officier's signature in July, 1843, and had frequently seen him write his name; that on yesterday he, the witness, examined Book C, p. 238, of records of Galveston county, and found there in his, witness', own handwriting as then clerk, the record of the instrument of which the certified copy of deed from Antonio Officier to J. Rump is a copy; that

his examination of said record book further shows that the instrument was proven for record before him as said clerk by P. Edmunds, the only subscribing witness thereto; that if there had been any question, at the time he recorded said instrument, in his mind, as to signature of Antonio Officier being genuine, he should certainly not have recorded it. That he, the witness, has no recollection of said instruments or any facts connected with proof for record, or recording of it, other than he gets from the record entry as made by him at the time.

"That he, Farish, knew the grantee in the instrument well in July, 1843, and Antonio Officier knew Rump well; that Rump was at that time a justice of the peace, and of fair character. That Officier died in 1848. That he, Farish, knew P. Edmunds at the time well; that Edmunds was doing considerable business in real estate, both as agent and on his own account, and his signature is of record to many instruments executed in those days, both as a principal and as a witness. Edmunds came to Texas from Virginia, and I, being from Virginia, knew that he had been accused of forgery there, but do not know that it was generally known in Texas. Edmunds afterwards became a complete sot and died a drunkard's death, some time between 1855 and 1860, or thereabouts, and for a number of years before he died became as low and disreputable as a man could be."

Plaintiffs then again offered the said certified copy of deed for property in suit, Antonio Officier to J. Rump, in connection with the evidence of Oscar Farish. Defendants renewed their objection, and the court allowed the certified copy in connection with Farish's testimony to go to the jury.

It is urged that the court erred in admitting the testimony of Farish and the certified copy of the deed from Officier to Rump. We are of the opinion that there was no error in the admission of this evidence.

The grantor and grantee in the deed, as well as the subscribing witness thereto, were shown to be dead, and it would seem that there was no better evidence of the fact that the deed once existed, and that it was executed by Officier, and witnessed and proved for record by Edmunds. It was impossible to prove the execution of the deed by either party to it, or by the subscribing witness, for they were all dead. It is not shown that any person living knew more of the execution of the deed than did Farish, who was the officer who took the proof to authenticate the deed for record. He knew the parties and their signatures, and that he recorded a deed

purporting to be made by Officier to Rump, and proved up before him for record by Edmunds, more than thirty-eight years before he testified, and then had no cause to suspect that it was not in fact the deed of Officier. His testimony was not so strong as would have been that of a subscribing witness, or of some other person who actually saw Officier execute the deed; but this furnished no reason for excluding it, if it tended in a remote degree to prove any issue in the case.

If his testimony had tended to prove no other facts than that he once had in his possession a paper which he correctly transcribed into the record of which he was the custodian; that the paper purported to be a deed for the property in controversy, from Officier to Rump; that it was authenticated for record before him by a subscribing witness, and that this all occurred in the year 1843,— his evidence would have been relevant.

Of the rule which requires the best evidence of which the case from its nature is susceptible, it has been said: "This rule does not demand the greatest amount of evidence which can possibly be given of any fact; but its design is to prevent the introduction of any which, from the nature of the case, supposes that better evidence is in the possession of the party. . . . In requiring the best evidence applicable to each particular fact, it is meant that no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had. The rule only excludes that evidence which itself indicates the existence of more original sources of information." 1 Greenl. Ev., 82.

There was no objection urged against the introduction of the certified copy of the deed, except that an affidavit had been made and filed by one of the defendants, stating that he believed the deed to be a forgery.

The deed was made in the year 1843, as is rendered certain by the proof that it was in that year recorded in the county where the land is situated, and where all of the parties to it lived.

The statute provides that any instrument which is permitted or required to be recorded, which is recorded, shall be admitted in evidence without proof of its execution, if it is filed and notice thereof given as the statute requires, unless the opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument to be forged. R. S., 2257.

The statute simply relieves parties from the necessity of making proof of the execution of deeds, which but for the statute it would

be necessary for them to make before the deeds or other instruments of writing could be received in evidence. It does not impose any burden upon a party who desires to use an instrument in evidence, against which an affidavit of forgery has been filed, greater or other than the common law rules of evidence would have imposed upon the party offering the instrument.

When the affidavit of forgery is filed, the party is simply remitted to the common law method of proving the execution of the instrument before it can be used in evidence.

The deed in question, under the decision heretofore made in this case, was duly recorded; a certified copy of it was filed in the papers with the requisite notice; an affidavit of the loss of the original deed was filed, to which no exception was taken, and the statute in such case provides that "a certified copy of the record of any such instrument shall be admitted in like manner as the original could be." R. S., 2257.

The deed in question purported to have been executed more than thirty-eight years before the certified copy was offered in evidence.

That a deed thirty years old, coming from the proper custody, free from suspicion, which has been acted upon so as to give some corroborative proof of its genuineness, will be admitted in evidence without proof of its execution, is well settled, and the great weight of authority is to the effect that possession under such a deed is not essential. Stroud v. Springfield, 28 Tex., 649; Bass v. Sevier, decided at the present term; 1 Greenl., 570; 1 Wharton's Law of Evidence, 732, 733; Starkie on Evidence (9th ed.), 521.

The deed must come from the proper custody, among other reasons, mainly that its delivery may be evidenced by the possession of a person claiming under it. The fact that it was recorded raises the presumption that it was delivered.

The record made in 1843 evidences with more certainty than the original deed would, if produced, that the deed was more than thirty years old; for skillful, indeed, would be the spoliation of a record book which could not be detected. It comes free from suspicion upon any just ground, with strong facts corroborative of its genuineness.

The grantor and grantee, as well as the subscribing witness, were all residents of this city at the time the deed purported to be executed, and continued to be so for many years after that date; at that time the population of the place did not exceed two thousand five hundred; the deed was placed upon the public records the next day after the date thereof; it was proved for record before an offi-

cer to whom all the parties were known; the grantee conveyed the property to another citizen of the place October 1, 1844, by a deed which was recorded on November 9, 1844; after the date of the deed from Officier to Rump no taxes were ever paid by Officier upon the property; taxes were paid upon the property, or at least it was rendered for taxation, by the grantee of Rump, while Officier was living; so far as the record shows, Officier never set up any claim to the property after the date of the deed to Rump, although he lived about five years after that date; no claim was ever set up to the property by the heirs of Officier until 1874, and not then until they were advised by a lawyer that there was a broken link in the chain of title to appellee, and his anxiety had induced him to offer a sum of money to the heirs if they would perfect what was thought to be a defective record.

The certified copy of the deed, coming surrounded with such facts, was properly admitted in evidence, for under the common law rules of evidence the deed would prove itself; and under given circumstances the statute of this state, as before said, declares that " a certified copy of the record of any such instrument shall be admitted in like manner as the original could be." When offered, being more than thirty years old, it stood as would a deed of less age after it had been proved by one or more of the subscribing witnesses, and upon those who sought to attack its genuineness rested the burden of proof. Starkie on Evidence, (920), 592.

The court fairly instructed the jury, if they believed from the evidence the deed to be a forgery, they should find for the defendants, and did not err under the facts in instructing the jury that " a deed over thirty years old is evidence without any other proof."

If the court had instructed the jury that such a deed was conclusive evidence, or had otherwise violated the rule which forbids the court to charge upon the weight of evidence, it would have been error; but there is nothing of the sort in the charge complained of. It was simply a statement to the jury, in effect, that they might consider the certified copy of the deed, and give to it such weight as in their judgments it was entitled to.

The statement of facts and bills of exceptions show that the court admitted in evidence " a certificate under the hand and seal of the comptroller of the state of Texas, of all property rendered by Antonio Officier, J. E. Rump and J. H. Illies for taxation from 1842 to 1848, inclusive, as shown by the records of Galveston county, on file in comptroller's office."

This is assigned as error, but the grounds of objection do not ap-

pear in the bills of exceptions, and we might, therefore, disregard the assignment.

The presumption from the record is, that the statement was one which the comptroller was authorized to make, and that it was proper evidence. R. S., 2260.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 16, 1883.]

