## Joseph Riviere v. Henry Wilkens et al.

### Decided February 17, 1903.

**1.—Deed—Ancient Instrument—Certified Copy—Evidence.**

A certified copy of a valid record of a deed, the record being over thirty years old, is admissible in evidence as an ancient instrument, just as the original would have been.

**2.—Same—Proof for Record—Subscribing Witnesses.**

Proof for record of a deed in 1843 by one subscribing witness was sufficient, under Hartley's Dig., art. 2760, which repealed art. 2755, requiring two subscribing witnesses.

**3.—Same—Certificate of Officer—Official Designation—Initials.**

Where in the body of the certificate of the proof of a deed for record, the officer making the certificate was declared to be "the clerk of H. County," and the certificate was signed by such officer with the abbreviation "Clk. H. C." following his signature, his official character as clerk of the County Court of H. County was sufficiently indicated, as the only clerk of a county that the statute provides for is the clerk of the county court.

**4.—Same—Same—Official Seal.**

It was immaterial that the certificate of proof, made in 1843, was without a seal, as no seal was required prior to the Act of May 12, 1846, and if this were not so, the vice is cured by the healing acts considered in Waters v. Spofford, 58 Texas, 121.

**5.—Same—Filing for Record.**

The record of an instrument is proof that it has been filed for record.

**6.—Same—Same.**

Where a deed was proved for record before the recording officer, and the words "Filed Apr. 24, 1843" followed the certificate of proof, and there was extraneous evidence showing that the deed was recorded some time in 1843, this was sufficient to show that it was filed for record.

**7.—Same—Proof of Record.**

Where the record of a deed did not recite the date of the recording, it was admissible for the county clerk, in connection with the original book of records produced in court, to testify as to the date of recording the deeds immediately preceding and following the one in question.

**8.—Same—Proof of Delivery—Possession.**

Where an original deed is lost and a certified copy of its record thirty years old is offered, the record itself supplies proof of delivery; and possession of the land under such a deed is not essential.

**9.—Same—Proof of Deed.**

Evidence held to show that an ancient deed, proved by certified copy of the record, was a genuine instrument, and not a forgery.

**10.—Parties—Intervener—Deposition.**

Where in trespass to try title one who was not made a party defendant filed an answer without leave of the court and took depositions, the court properly treated him as an intervener without leave, and struck the pleadings and depositions from the record on motion.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Wharton Branch* and *E. P. Turner,* for appellant.

*Baker, Botts, Baker & Lovett,* and *J. W. Campbell,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought in the form of an action of trespass to try title, and its apparent purpose was the recovery of 3211 acres of land lying in three contiguous tracts, all situated on the Hugh Morgan league in Harris County, Texas. The tracts sued for did not cover the entire league, there being 1217 acres in the south end which was not claimed by plaintiff, but by Waller T. Burns, who claimed it under the same chain of title as plaintiff. As against all the defendants, except those under whom appellant claims, and said W. T. Burns, the case became one of boundary, and the judgment upon this issue is not assailed by any party to this appeal.

The petition was filed on the 19th day of December, 1899, and named S. W. Jones as one of the original defendants. J. H. Wilson, Larkin F. Price and Wharton Branch, who in 1883 had conveyed the land to Jones in their capacity as attorneys in fact for the heirs of Hugh Morgan, were also made defendants. Appellant, Joseph Riviere, had purchased the land from Jones in 1896, but his deed had not been placed of record when the suit was brought, so he was not sued. On April 3, 1900, Jones answered by general demurrer, general denial and plea of not guilty. On April 9, 1901, he filed an amendment stating that he had sold the land prior to the institution of the suit and disclaiming all interest therein.

An interlocutory judgment by default had been rendered against Jones, and while this default judgment was still in force, Riviere, without leave of the court and without an effort at service upon the other parties (some of whom were nonresidents and had been served by plaintiffs by publication), filed what he termed his original answer, in which he asserted claim to the entire Hugh Morgan league, and prayed judgment therefor. This paper was filed September 26, 1901. On October 7, 1901, Jones and Riviere joined in a motion to set aside the judgment by default theretofore rendered against Jones. On the succeeding day this motion was heard and granted.

On October 21, 1901, plaintiff Wilkens made a motion to strike out the answer of Riviere and dismiss him from the case on the ground that it had been filed without leave of the court. On October 31, 1901, plaintiff's motion was sustained. A motion on the part of plaintiff to strike out the depositions taken by Riviere prior to that time was also sustained. On November 1, 1901, Riviere made himself a party by leave of the court, setting up the same claim as in the first paper filed by him, but the court refused to set aside his former orders with reference to depositions theretofore taken by Riviere. The depositions of these witnesses were retaken by Riviere and were used by him at the trial.

On a trial by jury the court submitted the case upon special issues. Upon the answers of the jury the court rendered judgment against plaintiff on the issue of boundary, and in favor of plaintiff and against Riviere on the question of title to the portion of the Hugh Morgan

league claimed by plaintiff. From this judgment Riviere alone has appealed, Jones having been dismissed on his disclaimer.

The plaintiffs claimed the part of the land to which they asserted a right under a purported deed from Hugh Morgan to A. C. and J. K. Allen, connecting himself therewith by mesne conveyances. Riviere claims under deeds from the heirs of Hugh Morgan, and shows a regular chain of title from them to himself. The deed from Hugh Morgan under which plaintiff claims is assailed by Riviere as a forgery. The jury answered that it was genuine. The validity of this deed is the real issue between plaintiff and Riviere. If it is genuine, the heirs of Hugh Morgan had no title, and could convey none. If it is a forgery, plaintiff had no title, and the judgment is wrong.

In support of his title plaintiff offered in evidence a certified copy from the deed records of Harris County showing the record of a deed from Hugh Morgan to A. C. and J. K. Allen conveying the land in controversy. This copy began, "Republic of Texas, County of Brazoria;" was dated December 24, 1836; was signed "Hugh Morgan," and named as subscribing witnesses Mosely Baker, Edward Burleson and Joseph Baker, who were recited to be citizens of Columbia, a town in Brazoria County. The deed purported to have been proved for record in Harris County by Joseph Baker, one of the subscribing witnesses, on April 24, 1843, before W. R. Baker, who names himself in the certificate as clerk of Harris County, and signs the certificate "W. R. Baker, Clk. H. C." Just underneath and to the left of this signature are the words "Filed Apl. 24th, 1843, at 3 o'clock p. m." No seal is noted on the record or in the certificate of acknowledgment, nor does the certificate recite that a seal was appended. The record does not recite in terms the date of the recording of the instrument, but plaintiff showed by DuPree, present county clerk, the date of the recorded deeds immediately preceding and following the record in question (the original book of the records being produced), and it was thus shown that the record was actually made in 1843. DuPree further testified that W. R. Baker was the clerk of the County Court of Harris County, Texas, in 1843. That he, DuPree, was familiar with his handwriting; that the deed was not recorded in the handwriting of Baker, but in a handwriting which occurred frequently in the records at that date.

It was also shown that search had been made for the original of this deed, and that it could not be found, but no witness was adduced who claimed to have ever seen it, nor were any of the claimants under it shown to have been in possession of the land or to have paid taxes thereon. The certified copy was admitted in evidence in connection with what has been stated and the testimony of ex-Governor Lubbock to the effect that he was acquainted with the three subscribing witnesses to said deed; that they resided in Brazoria County at that time; that they were prominent citizens and generally known, and their opportunity for acquaintance with Hugh Morgan was also shown. All the

parties to the transaction, including the subscribing witnesses, are shown to have died many years ago.

To its introduction Riviere objected: (1) That in view of the affidavit of forgery the predicate laid for its introduction was insufficient. (2) That there was no proof of the execution of the original, and the certified copy failed to show that it was proven up for registration by two subscribing witnesses within twelve months of its date. (3) The certificate of the officer before whom the acknowledgment was taken does not indicate the character of his office. (4) It does not appear that the officer affixed his seal to the certificate. (5) The description in the deed is insufficient. (6) Objection was made to all the evidence of DuPree on the ground that parol evidence was inadmissible to prove the date of a record so as to render admissible a certified copy as an ancient instrument, and the record itself failed to show the date of its record, and on the further ground that the witness was not the clerk in 1843, and could not testify from his own knowledge. (7) There was no certificate that the deed had ever been recorded.

If the certified copy adduced was a copy of a valid record over thirty years old it was admissible as an ancient instrument, just as the original would have been. To be a valid record the instrument recorded must have been properly proved for record before some officer authorized by law to take acknowledgments, and properly certified by such officer. In this case the deed was proved for record by one of the subscribing witnesses. Appellant contends that the law required two, citing article 2755, Hartley's Digest. That article was repealed by article 2760, and provision made for proof of a deed by one of the subscribing witnesses.

We think the objection that W. R. Baker's official character is not sufficiently indicated by the certificate is hypercritical. In the body of the certificate he is declared to be "the clerk of Harris County," which is but another way of saying he is county clerk of that county, for the latter is not only a very usual designation of that official and that office, but the law provided for no other clerk of the county than the clerk of the county court. His official character being thus clearly indicated in the body of the certificate, the meaning of the abbreviations "Clk. H. C." following his name is unmistakable.

The absence of a seal is immaterial, because prior to the Act of May 12, 1846, no seal was required, but if this were not true, the vice is cured by the healing and enabling statutes cited and discussed in Waters v. Spofford, 58 Texas, 121.

The deed was proved for record before the officer authorized to record same. The words "Filed Apl. 24th, 1843," being of the same date as its proof for record, followed by the fact of its actual record about that time, could mean nothing else but that the instrument was filed *for record.* The record of an instrument is proof that it has been filed for that purpose. Copelin v. Shuler, 6 S. W. Rep., 668.

We are of opinion the deed was shown to have been duly registered,

and we think the evidence of DuPree as to the date of the record, together with the original records, was clearly admissible, and effectively showed that the record was made in 1843.    See Brown v. Heirs of Simpson, 67 Texas, 231.

Baker, the clerk, was shown to be dead.    Morgan, the grantor, and all the subscribing witnesses, were shown to be dead.    The testimony of Lubbock showed that the subscribing witnesses were men of standing and repute, and had opportunities to know Hugh Morgan.    From the date of the battle of San Jacinto until his death, Morgan lived in Liberty County.    When an original deed is assailed as a forgery, proof that it is thirty years old, with proof of possession of it by the grantee and other matters of corroboration, renders it admissible in evidence as an ancient instrument.

Proof of custody of the deed is required in order to show delivery. But where an original is lost and a certified copy of a record thirty years old is offered, the record itself supplies proof of delivery.    Brown v. Simpson, 67 Texas, 231; Holmes v. Coryell, 58 Texas, 680.    But possession of the land under such a deed is not essential.    Holmes v. Coryell, supra.

We think this with the other proof offered made a prima facie case for plaintiff which unless overthrown by appellant entitled plaintiff to a judgment.    The testimony offered by appellant on this issue is interesting, and in some of its features remarkable.    Several of the witnesses are very old, one of them being more than one hundred years of age, and some of them speak of the battle of San Jacinto and the events of that time as we speak of events of yesterday, but, after all, the testimony amounts to no more than that Hugh Morgan was severely wounded in that battle, and never afterwards left Liberty County, and we do not think this sufficient to overthrow the presumption which ought to arise from the record of a deed made nearly sixty years ago and never brought in question until now.    It is not unreasonable to suppose that the vendee went to Liberty County and secured the signature of Morgan.    There is nothing in the instrument which precludes this presumption.

In the first part of this opinion we set out minutely the circumstances under which Riviere came into the case, and the rulings of the court on plaintiff's motion to strike out his first answer and to suppress depositions taken prior to that time.    Several assignments of error are addressed to the course thus pursued by the court, but we do not feel called upon to discuss them at length or dispose of them in detail.    Inasmuch as Riviere was finally admitted as a party to the suit, and permitted to present his defenses and assert his claims, and as the depositions suppressed were retaken and used at the trial, nothing more serious than a question of costs is involved.    We think appellant occupied the attitude of an intervener, and should have first procured leave to intervene.    The depositions taken by him before he properly became a party were rightly suppressed, especially in view of the fact that there were nonresident

defendants whose rights were involved, who had been served by publication, and who had not answered in person or by attorney of their own selection.

None of the other assignments require our notice. They present no error for which the judgment should be reversed.

As against Riviere the plaintiff made out his case. The verdict of the jury is supported by the evidence, and the judgment of the trial court should be affirmed.

*Affirmed.*