### ASKEW et al. v. CANTWELL.†

(Court of Civil Appeals of Texas. Ft. Worth. March 9, 1912. Rehearing Denied April 6, 1912.)

EVIDENCE (§ 372*) — ANCIENT DOCUMENTS — ADMISSIBILITY.

A deed executed in 1858, by persons purporting to act as trustees of a corporation, is admissible in evidence without proof of their authority to so act, although the deed was not recorded until 1902, where those claiming under the instrument have exercised acts of ownership thereunder.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627; Dec. Dig. § 372.*]

Appeal from District Court, Throckmorton County; Jno. B. Thomas, Judge.

Trespass to try title by S. L. Cantwell against Sid Askew and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Dallas Scarborough, of Abilene, for appellants. T. J. Wright, of Throckmorton, for appellee.

SPEER, J. This is an action of trespass to try title, instituted by S. L. Cantwell against Sid Askew and others, in which judgment was rendered for the plaintiff, and the defendants have appealed.

The sole question presented is whether or not the court erred in permitting the appellee to offer in evidence the deed executed by James Guthrie, Thomas Coleman, and William Terry, as trustees for the Texan Emigration & Land Company, through which deed appellee claims. The instrument conveys the land in controversy, and purports to be the act of the trustees of the Texan Emigration & Land Company, and bore date the 1st day of June, 1858. It was duly acknowledged on July 30, 1858, and filed for record in Throckmorton county, where the land is situated, the 15th day of March, 1902. It is admitted by the parties that appellee has a regular chain of title from and under James A. Monks, the grantee in the instrument executed by the above-named trustees, and that the land sued for is a part of the land described in such deed. That the deed was properly admitted in evidence there can be little or no doubt. The particular objection to the deed is that there is nothing to show the authority of the grantors to act as trustees for the Texan Emigration & Land Company; but it is well settled that such authority may be presumed, after so long a time, where the evidence shows that rights have been exercised in pursuance of the conveyance. Veramendi v. Hutchins, 48 Tex. 531; Johnson v. Timmons, 50 Tex. 534; Holmes v. Coryell, 58 Tex. 680. The agreed facts show, as stated above, that James A. Monks, the grantee in this instrument, and subsequent grantees, exercised rights of ownership under the instrument in such a way as fairly to bring the case within the rule announced in the authorities cited.

There was no error in the ruling complained of, and the judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.