MAYS AND ANOTHER v. MOORE AND OTHERS.

13  85
81  368

It is always a question addressed to the discretion of the Court, to determine whether the basis has been laid by proving the loss or destruction of a record, to let in parol proof that such record once did exist. This discretion is not an arbitrary, capricious discretion, but must be a reasonable conclusion from the evidence. But, unless we were fully satisfied from the evidence, that the Court erred in the exercise of its discretion, we would not be authorized to reverse its decision.

See this case for circumstances under which it was held that the loss or destruction of a record was not sufficiently proved, to let in parol proof of its contents.

Appeal from Bastrop.

*Hamilton & Walton*, for appellants. It is believed that the second assignment is well taken.

That the appellants had the right to introduce testimony proving the former existence and contents of the records or papers, and their loss, or destruction, of the County Court of Bastrop county, see 3 Phil. Ev. 1067, note 723, with authorities cited ; 1 Greenl. Ev. 581, with authorities cited.

A sufficient basis was laid by appellants, for the introduction of the secondary evidence, offered. The Court will not hold appellants to the strictest proof, in laying proper foundation for the introduction of such evidence ; because Courts show great liberality, where no suspicion hangs over the party seeking to establish the contents of lost papers or records. It is not intimated that appellants are chargeable with the loss of the records and papers.

We have in the testimony positive evidence of the former existence of the records and papers, upon which the validity of appellants' title depends. We have the further evidence that those records and papers do not exist, or cannot be found in their proper place of deposit. This is, then, certainly sufficient to admit the secondary evidence to the jury sought to be

introduced as establishing the contents of the records and papers, &c.

The Probate Court is not strictly a Court of record. It is, therefore, contended that any paper on file in such Court, would be as good evidence of the action of the Court as a record made of these papers would be.

It is contended that all the Court papers as they are on file, are, in fact, the record of the Court. This position has been sustained by one or more of the District Judges. We know not with what favor it will meet in this Court. If then the Court papers are in fact the record, proof of the loss of such papers, will admit parol evidence as to their contents, although they had never been recorded in a bound book, &c. This seems to be a rule which may well be adopted where so great a necessity exists for it, as in our State, in view of the careless and negligent manner in which our records and Court papers were kept years since.

Should a different rule than this obtain, it would be the source of interminable litigation. But we are not forced to rely upon this rule, because the testimony of James Smith is positive and emphatic as to the former existence of such orders and papers. William Dunbar's testimony is equally positive, as to the non-existence of such orders and papers in their proper deposit.

There is no positive rule as to the amount and character of evidence, to be introduced as a sufficient basis for the introduction of parol testimony, proving the contents of lost papers or records, but each case must stand upon the circumstances surrounding it, &c.

*Poage* and *Marshall*, for appellees.

LIPSCOMB, J. This suit was brought by the heirs of Garretson to recover from the defendants one third of a league of land. The defendants set up in defence a purchase from one Smith, the administrator of Garretson. The first evidence offered by them is a covenant, as follows, *i. e.*:

"Know all men by these presents, that I, James Smith, administrator of Jas. Garretson, deceased, by virtue of an order of the Probate Court in and for the county aforesaid, (Bastrop,) did expose the within claim at public sale in the town of Bastrop, on the 28th May, 1838, to the highest bidder, on a credit of six months, and Thomas H. Mays being the highest and best bidder, at the sum of four hundred and fifty dollars, and it was struck down to him at that sum, for which I bind myself, my assigns, and the heirs and assigns of Thomas Garretson so far as the ability in me exists as administrator, to make a good and sufficient title to the said land, if the said bidder should not receive the patent in his own name, so soon as title is obtained for the same. Given under my hand in the town of Bastrop, this 28th May, 1838.

"JAMES SMITH. [L. S.]"

The defendant offered to prove by oral testimony, that there had been an order of sale; that the return of the sale had been made to the Court; and that the same had been approved by the said Court; which evidence was rejected by the Court; and there was a verdict and judgment for the plaintiffs; a motion for a new trial made and overruled, from which the defendants appealed.

The first assignment of error, that the Court compelled the defendants to read the whole transcript in evidence, of all the matters and things of record in relation to the succession of the said Thomas Garretson, when they only offered to read two pages of the same, is not supported by the record. It appears that the whole transcript was read by the defendants, without any ruling of the Court, that it should be done, or offer on their part to read only a part of it.

The second one is that the Court erred in rejecting the evidence offered, to prove that the order for sale had been made by the Probate Court, the return of the sale by the administrator, and the approval and confirmation thereof by the Probate Court. It appears from the record, that Smith, the administrator, was called by the defendants. He testified that

he had sold the certificate, under an order of the Probate Court, and returned to the Court an account thereof, which was approved and confirmed by the Court; that he had looked for the order of the Court, for the sale and for the confirmation, and could not find them on the records, though he had seen them there; that the records have been carelessly kept and much mutilated, and he believes that the record has been destroyed. Dunbar, the keeper of the records and Clerk of the Court, swears that the order and confirmation cannot be found of record, and confirms the evidence of Smith, that they had been carelessly kept, and some of them mutilated; but he swears "That " he had examined the minute book of the Court for 1837 and " 1838, that he could find no mutilation in said minute book " between the period of granting letters of administration upon " the estate of Thomas Garretson and the date of transfer by " James Smith, administrator of said Garretson, indorsed on " the certificate aforesaid, and that there was a continuation " in said book from page to page connecting the orders." The minute book was inspected by the Court, and it was ruled that the evidence of the destruction of the records was not made out, and the Court rejected the oral evidence that such orders had been of record.

It is always a question addressed to the discretion of the Court, to determine whether the basis has been laid by proving the loss or destruction of a record, to let in proof that such record once did exist. This discretion is not an arbitrary, capricious discretion, but must be a reasonable conclusion from the evidence. But, unless we were fully satisfied from the evidence, that the Court below erred in the exercise of its discretion, we would not be authorized to reverse its decision. Parol evidence to supply record testimony should be received with great caution. In such cases the temptation to fraud and perjury would be very great, and the difficulty, if not the impossibility, of a conviction for perjury, and of rebutting such evidence, would be an encouragement to an unscrupulous witness. It is a rule of law, that affirmative evidence is entitled

to more weight than negative. So one witness might swear to the contents of a record and two swear they had never seen such record, the affirmative witness would prevail against the two negative witnesses, and it would be almost an impossibility to convict that witness of perjury, if it had been a perjury, fabricated and perpetrated for the particular occasion. Hence the necessity that the most satisfactory evidence of the destruction of the record should be required, before parol evidence can be admitted to supply the contents of the record. The evidence of such mutilation and loss was rebutted by the evidence of Dunbar, the Clerk of the Court, and the inspection of the book itself, that should have contained such record, if it had existed. We believe that the Judge did not err in his decision, rejecting the evidence offered.

The record presents nothing else for our consideration, and the judgment is affirmed.

Judgment affirmed.