## W. T. WAGGONER V. JULES ALVORD ET AL.

### No. 6870.

1. **Affidavit to Loss of Original as Basis for Secondary Evidence.**—Predicate at common law of loss, etc., of original deeds held sufficient, as follows: "Affiant says that each and all of the aforesaid deeds were by him placed in the hands of Meade & Graham, his agents and attorneys, then residing in the county of Clay, Texas, for purpose of registration in the counties where the lands are situated, and that none of them were ever returned to affiant by his said agents, but all of them have been lost; that he had been unable to find or procure the originals of said deeds, though he had applied to his said agents therefor; and that he has made and caused diligent search to be made in the clerk's office of the County Court of said counties of Wilbarger and Wichita therefor, and has caused the clerks of said counties to make search therefor in their said offices, and that he has failed to find or learn anything of said original deeds; that he had caused his said agents to make search therefor among the papers and documents in their keeping, and in the places where they preserved such documents, and they have failed to find such originals; and that he has caused search and inquiry by his

grantor to be made therefor, as well as in every place that said deeds were likely to be, and that he has been unable to learn anything thereof."

2. Same — Secondary Evidence. — In the absence of an inflexible rule that the loss of an instrument can not be established for the purpose of letting in evidence of its contents without the production of the testimony of the person who last had it in his custody, we think the predicate above for the introduction of secondary evidence of the execution and contents of the lost deeds was sufficiently laid in this case. The agents having disclaimed knowledge it was not necessary to call them to testify to such want of knowledge.

APPEAL from Wilbarger.   Tried below before Hon. P. M. Stine. The opinion states the case.

*W. W. Flood,* and *Hunter, Stewart & Dunklin,* for appellant.—If an instrument, such as a deed to lands, has not been recorded and no certified copy can be obtained, then a different rule than the one prescribed in article 2257 prevails in making proof thereof; but its existence, execution, and contents may be proved by oral evidence under the rules prescribed by the common law, and in such cases the affidavit of loss must show diligent search and such facts as will establish the presumption of its loss.   This being done its execution and contents may be proved by oral testimony, and a copy of such instrument, proved by competent evidence to be a copy, is admissible in evidence along with the oral evidence to prove its contents, the same as a certified copy, there being no difference in the degrees of secondary evidence.

On sufficiency of affidavit at common law:   1 Greenl. on Ev., sec. 558; Bateman v. Bateman, 16 Texas, 544.

Proved copy is admissible, same as a certified copy:   White v. Burney, 27 Texas, 51.

No other objection to the admission of evidence will be heard in the Supreme Court but the ones made at the trial:   Sharp v. Schmidt, 62 Texas, 266; Blanton v. Ray, 66 Texas, 62.

*J. F. Cooper* and *Britt & Easton,* for appellees.—The affidavit of W. T. Waggoner, offered as a predicate for the introduction of secondary evidence of the contents of the four deeds made by N. J. Moore, assignee of J. U. Payne, was insufficient for the introduction of secondary evidence under the common law rules of evidence, and the court did not err in excluding the evidence.

The loss of a deed must be proved by the person in whose custody it was at the time of the loss, if that person be living; and if he be dead, application must be made to his representative and search made among the documents of the deceased. Vandergriff v. Piercy, 59 Texas, 371; Bateman v. Bateman, 16 Texas, 541; Dunn v. Choate, 4 Texas, 14; Olive v. Bevil, 55 Texas, 423; Clifton v. Lilley, 12 Texas, 135; 1 Greenl. on Ev., sec. 558; 1 Stark. on Ev., 352, 2 Am. ed.

The mere declaration of the custodian is not sufficient. Crayton v. Munger, 9 Texas, 285; Butler v. Dunagan, 19 Texas, 559; Kauffman v. Shellworth, 64 Texas, 179.

Henry, Associate Justice.—This was an action of trespass to try title, brought by the appellant. In support of his title the plaintiff proposed to prove the execution and contents of deeds from Nicholas J. Moore to J. U. Payne, by a witness, and undertook to lay the common law predicate for the admission of such evidence by the affidavit of the plaintiff, which was substantially as follows:

"Affiant says that each and all of the aforesaid deeds were by him placed in the hands of Meade & Graham, his agents and attorneys, then residing in the county of Clay, Texas, for the purpose of registration in the counties where the lands are situated, and that none of them were ever returned to affiant by his said agents, but all of them have been lost; that he has been unable to find or procure the originals of said deeds, though he has applied to his said agents and attorneys therefor, and that he has made and caused diligent search to be made in the clerk's office of the County Court of said counties of Wilbarger and Wichita therefor, and has caused the clerks of said counties to make search therefor in their said offices, and that he has failed to find or learn anything of said original deeds; that he has caused his said agents to make search therefor among the papers and documents in their keeping and in the places where they preserved such documents, and they have failed to find such originals; and that he has caused search and inquiry by his grantor Payne to be made therefor, as well as in every place that said deeds were likely to be, and that he has been unable to learn anything thereof."

In connection with said affidavit the record contains the testimony of a witness sufficient, if it had been admitted, to establish the execution and contents of the lost deeds. The record also shows that at the time of the trial Meade, one of the agents of the plaintiff referred to in his affidavit, was living at Fort Worth, in this State. The evidence was excluded.

The proof of the loss of the original is addressed to the court, and not to the jury. "In general the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. It should be recollected that the object of the proof is merely to establish a reasonable presumption of the loss of the instrument; and that this is a preliminary inquiry addressed to the discretion of the judge." 1 Greenl. on Ev., sec. 558 This was the rule when parties were not permitted to testify upon the merits in their own behalf. Greenleaf further says with regard to the rule: "If it belonged to the custody of certain persons, or

is proved or may be presumed to have been in their possession, they must, in general, be called and sworn to account for it if they are within reach of the process of the court."

It would not be sufficient diligence for a party to fail to apply to its last custodian for a lost paper if he was accessible. The object of such an inquiry is to procure the instrument, and if not voluntarily delivered to him it would be the duty of the party to avail himself of such process as the law furnishes for its production. But when the application is made, and especially when, as in this case, a search among the papers of the party who was last known to have possession of the deeds was made, we can see no good reason for bringing more than one witness to testify to the same facts. If circumstances existed to cast suspicion upon the veracity or good faith of the party the court might, as it could with regard to any other evidence, decline to believe the party, and demand other evidence or rule against him. Ordinarily a party is not expected to summon as a witness one who declares he knows nothing about the transaction. In this case there is nothing to suggest that the party could derive any advantage from the nonproduction of the original deeds, or that the agent of the plaintiff, who was last known to be in possession of them, could have produced them or would have failed to corroborate the plaintiff if he had been produced as a witness.

In the absence of an inflexible rule that the loss of an instrument can not be established for the purpose of letting in evidence of its contents without the production of the testimony of the person who last had it in his custody, we think the predicate for the introduction of secondary evidence of the execution and contents of the lost deeds was sufficiently laid in this case.

It was said by this court in the case of Mays v. Moore, 13 Texas, 88: "It is always a question addressed to the discretion of the court to determine whether the basis has been laid by proving the loss or destruction of a record to let in proof that such a record did once exist."

There are some other questions raised by the assignments of error and by the briefs of the attorneys, and still others suggested by the record, that we do not think it proper to now discuss. For the error of the court in excluding from the jury the evidence offered with regard to the execution and contents of the lost deeds, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 12, 1891.

*J. E. Cooper*, for appellees, argued a motion for rehearing. Motion transferred to Tyler Term and overruled.