EMANUEL et al. v. GATES et al.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1893.)

No. 42.

1. EVIDENCE—RECORDS OF DEEDS—LOSS OF ORIGINAL.
    In an action of trespass to try title to certain lands in Trinity county, Tex., defendants, in order to prove a deed in their chain of title, offered in evidence a certified copy from the records of Cherokee county, dated August 5, 1835, and purporting to have been duly recorded in Trinity county July 2, 1856, and in Cherokee county July 15, 1856. It appeared that the records of Trinity county were destroyed by fire in 1872, and defendants proved that the original deed had been searched for in vain by them in all places where there was any reason to believe that it could be found, and that there had been notorious assertion of title and possession under the deed, accompanied with payment of taxes. *Held* that, under these circumstances, the court properly permitted the certified copy to go to the jury, as a circumstance in the case, notwithstanding that plaintiffs had attacked the original as a forgery.

**2. SAME.**

The certified copy was not rendered inadmissible by the fact that the name of the grantor was spelled "Joseph Hirtz," instead of "Joseph Hertz," as this fact would only affect the deed's weight as a circumstance in the case.

**3. APPEAL—OBJECTIONS WAIVED.**

Objections to the charge of the court to the jury, and its refusals to charge, cannot be considered on appeal, when no seasonable objection was made thereto while the jury were at the bar.

**4. SAME—REVIEW—RULINGS ON MOTION FOR NEW TRIAL.**

Exceptions to the action of a federal court in overruling a motion for a new trial are not reviewable upon writ of error. Railway Co. v. Heck, 102 U. S. 120, followed.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. Action of trespass to try title brought by Albert Emanuel and others against John G. Gates and others. Verdict and judgment for defendants. Plaintiffs bring error. Affirmed.

Statement by PARDEE, Circuit Judge:

This is an action of trespass to try title, and for damages, as to the Guadalupe Sosa survey of land, being Abstract 42, Trinity county, Tex., against the defendants in error, in the form provided by the statute of the state of Texas. The petition describes the land, contains allegations as to title and damages, and prays for restitution of the premises, and for damages, costs, and general relief. The defendants answer separately by plea to the jurisdiction and by disclaimers as to all land, except such as is claimed by each of them respectively, and they plead the statutes of limitations of five and ten years, and allege the construction of improvements in good faith. From an adverse judgment in the circuit court, the plaintiffs bring the case up for review, and assign errors in the proceedings as follows:

(1) The court erred in admitting in evidence the certified copy of a deed from Joseph Hirtz to Jacob Snively dated the 5th day of August, 1835, after plaintiffs had attacked said deed as a forgery, and given the notice required by law, and objected to by said plaintiffs on the following grounds, to wit:

First. Because defendants offered no proof (outside the certified copy itself) that a genuine deed ever existed, and, if there was a genuine deed in whose possession it ever was, the execution of said deed was not proven nor attempted to be proven.

Second. No predicate was laid to admit said deed as a lost instrument. The assisting witnesses to said deed were not called upon nor brought into court, nor their absence in any manner accounted for, except the witness Manches, who was shown to be dead.

Third. It was not shown that any search had been made for said deed except by the hearsay statement of Judge Burnett, that he had inquired of the heirs of Duren, English, and others, and had a man named Pierson to examine papers in possession of the heirs of Jesse Duren, and Pierson said he could not find it.

Fourth. Because the copy offered in evidence is a certified copy of the records of Cherokee county, and not Trinity county, where the land lies.

Fifth. Because the deed proposed to be offered in evidence is a deed from "Joseph Hirtz" to Jacob Snively, and not from "Joseph Hertz," who acquired it from Juan Cruz.

Sixth. Because the said deed was not written on stamped paper, as the law required, at the time of its execution and delivery, and it was not, therefore, a proper conveyance.

(2) The court erred in refusing to instruct the jury to find whether or not Albert Emanuel was a purchaser for value, without notice of the title or claim of Jacob Snively to the land in controversy. Plaintiffs specially requested a charge on this feature of the case.

(3) The court erred in refusing and failing to instruct the jury as to the

effect of proof of common source. Plaintiffs proved common source of title between them and the defendants, and showed the defendants' title to be a forgery, and because there was no charge on this feature of the case the jury evidently disregarded the evidence.

(4) The court erred in overruling the plaintiffs' motion for a new trial, which motion included as grounds each of the above assignments.

Ben. B. Cain, (H. C. Mayer and H. Chilton, of counsel,) for plaintiffs in error.

E. E. Farrar and James R. Burnett, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge. _

PARDEE, Circuit Judge, (after stating the facts.) The only ruling in the court below on the trial of the case while the jury were at the bar to which seasonable objection was made, and exception taken, was the admission of a certified copy from the records of Cherokee county, Tex., of a deed from Joseph Hertz to Jacob Snively, conveying the land in controversy, dated August 5, 1835, and purporting to have been duly recorded in Trinity county, state of Texas, on the 2d of July, 1856, and in Cherokee county, state of Texas, on the 15th of July, 1856, which deed plaintiffs have attacked as a forgery, as a circumstance to go to the jury in connection with the other evidence. The recitals in the bill of exceptions distinctly state that there was proof tending to show the existence of a genuine deed. R. W. B. Martin testified that the records of deeds of Trinity county were destroyed by fire in 1872, and that he had seen the deed from Joseph Hertz to Jacob Snively, conveying the G. Sosa league in controversy, on record in Trinity county, or in the archives of Nacogdoches. Defendants also read in evidence, without objection, a warranty deed from Jacob Snively to Jesse Duren, dated May 24, 1856, conveying the league in controversy and other lands, which deed was duly attested and authenticated, and recorded in Trinity, Cherokee, and Angelina counties in June, 1856. It was shown that, in 1857, Jesse Duren conveyed a portion of said league to several parties, and in the same year Duren and Daniel had a tenant on a portion of the land, and that portions had been continuously occupied since then under the Snively and Gates titles; also, that Jacob Snively claimed the said league under Joseph Hertz, and that such claim was open and notorious; that the grantees under the Snively title had paid the taxes in 1859, 1860, and portions of other years. Defendants also proved peaceable and adverse possession under deeds duly recorded of the tracts claimed by them, and payment of taxes for more than 10 years prior to the filing of the suit.

It was also shown by the testimony of J. R. Burnett that the original of said deed was not among the title papers of the defendants; that he had made diligent search and inquiry for the same; that Jesse Duren, to whom said Snively had conveyed said league, died about 1865; that inquiry had been made of his administrator and son-in-law, and an unsuccessful search made for the said deed; that he had learned from said administrator that Jesse Duren, in the year 1858 or 1859, had conveyed said league to Daniel Daily, Dr. E. Curry, and James D. English, all of whom formerly resided in Houston county,

and were well known to witness; that said Daily, Curry, and English were dead; that no administration was pending in the estate of either; that witness was informed and believed that said Daily, Curry, and English conveyed said league to other parties; and that he has diligently inquired for said deed of all the living vendees holding or claiming under the same, so far as known to him, and so far as he could ascertain, and also of all persons who would likely have the same in their possession, and could likely inform him of its whereabouts, if not destroyed, but has been unable to find the same. Witness also made diligent search for said original deed among the archives at Nacogdoches, and among the records of Houston, Trinity, and other counties, and at all places where he had any reason to believe the same could be found, and had not been able to find the same; and that witness has exhausted every reasonable source of information known to him, or of which he had been advised, to find said deed, but had failed to find it. Witness further testifies that Joseph Hertz and Jacob Snively are dead. It seems also to have been proved that H. C. Mayer, plaintiff's agent, and one of their attorneys, informed defendant's attorneys that he had seen the said Snively deed, or a copy of it, among the papers of Judge Daniel, formerly of Cherokee county; that defendants' attorney, with permission, examined Judge Daniel's papers, and did not find the deed, but was informed that plaintiffs' said agent and attorney had previously examined the same, and had got some paper from them.

These facts and circumstances being in evidence, and the same showing notorious assertion of title and possession under the deed, and the payment of taxes, and that such deed was recorded, it was, in our opinion, clearly admissible to permit the certified copy of the deed in question to go to the jury as one of the circumstances in the case. 2 Greenl. Ev. § 558; Holmes v. Coryell, 58 Tex. 680; Brown v. Simpson's Heirs, 67 Tex. 231, 2 S. W. Rep. 644; Bounds v. Little, 75 Tex. 316, 12 S. W. Rep. 1109; Crain v. Huntington, 81 Tex. 614, 17 S. W. Rep. 243; Waggoner v. Alvord, 81 Tex. 366, 16 S. W. Rep. 1083; Stramler v. Coe, 15 Tex. 213; Deen v. Wills, 21 Tex. 644; Sowers v. Peterson, 59 Tex. 220; Mays v. Moore, 13 Tex. 88.

It is not so clear that the said document was not admissible as an ancient document. In the case of Holmes v. Coryell, supra, it is held that, when the affidavit of the loss of a deed 30 years old is filed, a certified copy from a record of like age, with strong corroborating circumstances, is admissible in evidence, notwithstanding an affidavit has been filed impeaching the genuineness of the original.

We do not think that the copy was rendered inadmissible because the name of the grantor was spelled "Joseph Hirtz" and not "Joseph Hertz." As the certified copy of the deed was only admitted as a circumstance of the case, such different spelling would affect only the weight to be given the document as a circumstance, not its admissibility. Besides, there was no evidence casting doubt upon the identity of the party. See Lyne v. Sanford, 82 Tex. 58, 19 S. W. Rep. 847.

The other errors assigned, complaining of the rulings of the court in regard to refusing to instruct the jury as to whether Albert Emanuel was a purchaser for value without notice of the title or claim of

Jacob Snively, and, also, as to the common source of title, and because there was no charge on the question of forgery, cannot be considered, as no seasonable objection seems to have been made while the jury were at the bar.

The fourth assignment—that the court erred in overruling the plaintiffs' motion for a new trial—presents a question which, it is well settled, cannot be reviewed upon writ of error. Railway Co. v. Heck, 102 U. S. 120. For these reasons, it follows that the judgment of the circuit court should be affirmed; and it is so ordered.