### MRS. H. THOMPSON v. E. F. CHAFFEE ET AL.

Decided May 27, 1905.

**1.—Principal and Surety—Defense by Principal in Bar—Effect—Appeal.**

Where in an action against a principal and his sureties the principal establishes a defense in bar, the sureties can not be held bound, and hence on an appeal by the plaintiff from a judgment in favor of all the defendants if a sufficient defense in bar was made out for the principal, errors affecting only the liability of the sureties are immaterial.

**2.—Secondary Evidence—Lost Instrument—Preliminary Proof.**

Where a witness testified that he and the last custodian of a lost instrument searched for it among the latter's papers and that it could not be found, secondary evidence of it was admissible without calling such last custodian.

**3.—Building Contract—Breach—Measure of Damages—Charge.**

Where a house collapsed as it was nearing completion and the owner completed it according to other plans and at a less cost and sued the contractor for damages resulting from his failure to erect the house in accordance with the original plans, and its consequent fall, it was error for the court to charge that the measure of plaintiff's damages was the difference between what it cost her to complete the building and the price for which the contractor had agreed to construct and complete it.

**4.—Same—Harmless Error—General Verdict—Appeal.**

Such error could not be held harmless because the jury may and could, under the evidence, have found in favor of the defendant upon an issue of liability in the case, since, the verdict being a general one, it can not be determined that the verdict was predicated upon the issue of liability.

**5.—Same—Sureties on Contractor's Bond—Change of Plans.**

Where a bond is conditioned that the principal therein will construct a house according to certain plans, and the plans are materially changed without the consent of the sureties, they are released thereby.

**6.—Same—Hearsay—Statement by Principal to Surety.**

Where the principal obligor in a contractor's bond exhibited to a surety of his therein a set of plans, with the statement that they were the plans referred to in the bond, such statement, if made in the absence of the obligee,

was merely hearsay as to the latter and inadmissible, since the fraud of the principal upon his surety could not affect the latter's liability to the obligee who had no knowledge of it.

**7.—Same—Change After Sureties Signed.**

But where there was testimony tending to show that the plans were materially changed after the sureties had signed the bond, and without their knowledge, such evidence of the contractor's statement was admissible as bearing upon the action of the sureties with reference thereto.

**8.—Same—Assent to Change of Plans—Agency.**

Where the obligee in a contractor's bond personally assented to a change of the building plans originally agreed upon, the question whether a third person, who had assented to the change as her agent, was or was not her agent, became immaterial.

Appeal from the District Court of Orange.  Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.—1.  The last custodian of a paper should be produced or his absence accounted for before secondary evidence of the contents of such a paper is admissible.  Vandergriff v. Piercy, 59 Texas, 371; Masterson v. Jordan, 26 S. W. Rep., 550; Galveston, H. & S. A. Ry. Co. v. Arispe, 5 Texas Civ. App., 615; Trimble v. Edwards, 84 Texas, 500.

2.  Declarations made by one in the absence of the adverse party are not admissible in his favor.  Moody v. Gardner, 42 Texas, 414; Aetna Ins. Co. v. Eastman, 64 S. W. Rep., 863; Coffin v. Loomis, 41 S. W. Rep., 512.

3.  Where a contractor abandons a building after part performance and same is not completed according to the contract, the measure of damages is the difference between what it would reasonably cost to complete the building and the contract price.  Electric Co. v. Water, etc., Co., 44 S. W. Rep., 929; Lewis & Co. v. Babcock, 63 Texas, 148; Carroll v. Welch, 26 Texas, 148.

*Hart & Sholars,* for appellees.—1.  Where an instrument, the contents of which is sought to be established by secondary evidence, is shown to be in the possession of the adverse party, proper notice to produce having been given and the instrument not produced, secondary evidence may be introduced to prove its contents.  Waggoner v. Alvord, 16 S. W. Rep., 1083; Hehee v. Missouri Pac. Ry., 9 S. W. Rep., 449; Steele v. Steele, 2 W. & W., sec. 347; Reliance Lumber Co. v. Western U. Tel. Co., 58 Texas, 394; Gray v. Thomas, 16 S. W. Rep., 1083; Dean v. Barber, 15 Texas, 298; 1 Greenleaf Ev., 558, 561.

2.  Declarations so closely connected with the main transaction as to throw light upon its character are admissible in evidence, and if made at the time of the transaction are part of the res gestae.  Gulf, C. & S. F. Ry. Co. v. Pierce, 25 S. W. Rep., 1053; Railway Co. v. Anderson, 82 Texas, 516; Sargent v. Carnes, 84 Texas, 156; Missouri Pac. Co. v. Bond, 20 S. W. Rep., 930.

3.  If the charge of the court is objectionable on the measure of damages, it is the duty of counsel to ask additional charges covering

the objectionable features, and unless it clearly appears that the charge as given was prejudicial to the rights of the party complaining, was misleading in all probability, and did influence the jury in finding their verdict against the party, it would not be reversible error. Jaske v. Pleasants, 39 S. W. Rep., 586; Hillyard v. Crabtree, 11 Texas, 268; Reechstetter v. Bostick, 33 S. W. Rep., 158; Bowden v. Crow, 21 S. W. Rep., 612; Shumard v. Johnson, 17 S. W. Rep., 398; Blum v. Light, 16 S. W. Rep., 1090; Loper v. Robinson, 54 Texas, 516, and cases cited.

4. Any change made in the original contract, bond, specifications or plans without the knowledge or consent of the sureties on the bond, will release them from all liability on the bond. House v. American Surety Co., 54 S. W. Rep., 303; Miller-Jones Furniture Co. v. Cold Storage Co., 50 S. W. Rep., 508; O'Neal v. Kelly, 49 S. W. Rep., 409; Texas Printing Co. v. Smith, 14 S. W. Rep., 1074.

GILL, ASSOCIATE JUSTICE.—This action was brought by Mrs. H. Thompson against E. F. Chaffee as principal and S. H. Wilson and H. W. Bland his sureties on a contract for the construction of a house. The purpose of the suit was the recovery of damages for the failure on the part of Chaffee to construct the house as he contracted to do. Chaffee interposed two defenses: (1) That he had undertaken the construction of the house and it was nearing completion when it fell on account of defective plans for which he was in no wise responsible and against which he had protested; and (2) that after the collapse of the building he was proceeding to reconstruct it according to contract when he was restrained from proceeding further by the act of plaintiff in procuring an injunction against his further acts in that respect.

The sureties defended on the ground that they signed the bond in view of the contract sued on and certain plans and specifications thereto attached. That thereafter the plans and specifications were changed without their knowledge or consent. It is not questioned that the defense of the sureties and either of the defenses of the principal will bar the plaintiff's action if found to be established. A trial by jury resulted in a general verdict for defendants and judgment followed accordingly. The plaintiff has appealed.

Mrs. H. Thompson was the owner of a lot in the city of Orange, and desiring to build a house thereon she entered into a contract with the defendant Chaffee by which he undertook to construct it for her at a stipulated price and according to the plans and specifications attached to the contract. She required a bond for its faithful performance and it was furnished, Wilson and Bland, the other defendants, becoming sureties thereon. There is evidence tending to show that the contract at the time the sureties signed the bond had a different set of plans and specifications attached than those sued on, and that the change was made without their knowledge or consent. There was also evidence tending to show that one, Crager, the man who was to use the building as lessee when completed, insisted on certain changes in the construction of the front. That these changes were made over the protest of Chaffee, and that they so weakened the building they contributed to cause its collapse. Defendants claim that the changes were assented to on the part of plain-

tiff by one Calhoun, her duly accredited agent, and that the changed plans were prepared by an architect named Barnes.

Plaintiff and Calhoun deny that the latter acted as her agent, or had any authority which included such an act as the one charged. That Barnes was the author of the plans sued on is undisputed, and plaintiff so admits, and contends that the plans offered in support of her allegations are the plans attached to the contract when she signed it, and that since then there has been no change. The plans sued on are those used in the construction of the building.

Under the pleadings of the sureties they might have been discharged from liability, though their principal might be held; but in no event could they be held if the principal established a defense in bar of the plaintiff's action. This being true, any errors committed affecting only the issue of the liability of the sureties are immaterial if it should be found that the judgment discharging the principal may stand.

Under the first assignment appellant complains of the testimony of Chaffee, admitted over objection, to the effect that the plans offered in evidence by plaintiff were not the plans originally agreed on, and that the originals were different in a material respect. The ground of objection is that the witness stated that the originals had been left with Barnes, who was then in the city of Houston, and the originals should have been produced or their absence accounted for by Barnes, their last custodian, before secondary evidence was admissible. Chaffee testified that he and Barnes made a joint search for them among Barnes' papers, and that they could not be found. That such a search is sufficient predicate for the admission of secondary evidence without calling the last custodian has been decided. (Waggoner v. Alvord, 81 Texas, 365, 16 S. W. Rep., 1083.)

But aside from this, the assignment presents a harmless error because, so far as Chaffee's defenses are concerned, it is immaterial whether the plans were changed or not. According to plaintiff's theory of her case the plans offered in evidence are the plans to which she agreed, and it is undisputed that they were the plans by which Chaffee was guided in undertaking the construction of the house. Whether they were changed can only affect the liability of the sureties. As between the plaintiff and Chaffee her suit must stand or fall on the plans sued on. It being undisputed also that these plans contained the feature, to the weakness of which Chaffee ascribes the fall of the building, a finding of the jury sustaining that defense would sustain the judgment as it stands.

In view of the disposition we have made of this appeal we pass unnoticed the second, third and fourth assignments, as they are addressed to matters bearing on the defense of the sureties as such, and are therefore immaterial.

The fifth assignment complains of the measure of damages embodied in the court's charge. This also we regard as harmless because the jury did not reach that question. Appellant's contention that they were thereby prevented from finding for plaintiff in any event is without force because, if the defenses pleaded by Chaffee were not established, the undisputed evidence would have authorized a verdict for plaintiff in some amount.

The sixth assignment is also without merit, and the seventh, assailing

the judgment on the ground that it is contrary to the law and the evidence, is too general to be considered. The judgment is affirmed.

### ON MOTION FOR REHEARING.

At the last term of this court we affirmed the judgment of the lower court on the ground that no harmful error had been committed at the trial. The charge upon the measure of damages is as follows: "You are instructed that the measure of damages in this case, in the event you find for plaintiff, will be the difference between what it cost the plaintiff to complete the building and the price for which Chaffee had agreed to construct and complete it."

This charge is manifestly erroneous when applied to the facts, because it is undisputed that plaintiff did not complete the building according to the plans used by Chaffee, but according to other plans and at a less cost. It is clear that had this rule been applied the jury could have found nothing for plaintiff, even though they may have found that Chaffee had breached his contract. Upon reconsideration we have concluded we were wrong in holding that the jury manifestly found for defendants on the issue of liability, and did not reach the question of damages. We can not safely say that such was the case in view of the fact that the verdict was general and does not indicate what issue controlled the jury in their action. Had they found for plaintiff on the issue of liability, they would have either been at a loss for a rule by which to measure the damage actually sustained or else must have found that, because the building she completed after the collapse of the first cost less than the contract price of the first, she was entitled to nothing. For this reason the motion for rehearing will be granted.

We find no error in the charge with respect to the liability of the sureties. If without their consent the plans were materially changed after they signed the bond, they were released from liability.

Appellant complains of the action of the trial court in permitting the sureties, Bland and Wilson, to testify that the plans exhibited to them by Chaffee as referred to in the contract when they signed the bond, were not the same as those by which the building was constructed and which formed in part the basis of this suit. The ground of objection is that the plaintiff was not present at the time of their exhibition, and hence could not be bound by the representations of another. The objection is not applicable to the statement of Wilson, as he testifies to the presence of plaintiff at the time. It applies however to the testimony of Bland.

As regards the defense of the sureties, it is too well settled to admit of question that the surety in such case makes the principal his agent to deliver the bond to the obligee, and therefore, in the absence of knowledge on the part of the obligee, the fraud of the principal upon the surety can not acquit him of his obligation. It follows logically that if the principal exhibited to Bland a set of plans other than those referred to in the contract, accompanied by the statement that they were the plans agreed on, his statement would be mere hearsay if made in the absence of the obligee, and hence not admissible. It is of course true, however, that if it is made to appear that the plans were materially

changed after the execution of the bond, and without the knowledge of the sureties, it would effect their discharge. There being, however, other evidence tending to show that the original plans were changed, it was admissible for both sureties to testify that they assented to the first set of plans and signed the bond with reference thereto, and did not know of or assent to the second set, and this whether the plaintiff was present or not. The evidence objected to was not admissible as bearing upon the issue of whether the plans had been changed, but upon the action of the sureties with reference thereto.⁻ The question is not whether the declaration of Chaffee could bind Mrs. Thompson in her absence, nor whether, if Chaffee imposed on the sureties, his fraud would constitute a defense for them. The question is the admissibility of evidence to the effect that they signed the bond with reference to the first set of plans rather than the second, if the other evidence shows that changes were in fact made after the execution of the contract and bond.

With reference to the question of the agency of A. B. Calhoun it appears without contradiction that Mrs. Thompson signed the contract and all the checks with her own proper signature. It is also true that the plans sued on are the plans actually used in the construction of the building, and this is not disputed. Mrs. Thompson admits in her testimony and by this suit that she assented to them. It thus appears that whether or not Calhoun was her agent has no bearing upon the case. If there was in fact an original set of plans with reference to which the contract was made, she must have known of them, and as she signed the contract she must have personally assented to them. She unquestionably assented to the plans sued on. It is therefore by no act of Calhoun's that she is sought to be bound. If, however, upon another trial the issue should become material, the well settled rule should be observed that agency can not be established by the acts and declarations of the alleged agent.

The trial court in his charge did not treat the alleged alteration in the plans as a valid defense as to Chaffee, and submitted only the issues of whether the collapse of the building was due to the alleged defective post, or that the failure of Chaffee to complete the building was due to some act of plaintiff. As the legal sufficiency of those defenses is not questioned, we make no further comment upon them.

Because of the error in the charge on the measure of damages, the motion is granted, the judgment reversed and the cause remanded.

*Reversed and remanded.*