WILLS v. TYER et al. (No. 570.)*

(Court of Civil Appeals of Texas. El Paso.
May 11, 1916. Rehearing Denied
June 15, 1916.)

1. PRINCIPAL AND SURETY ⊂⇒118 — RELEASE
OF PRINCIPAL.
Where a principal establishes a defense in
bar, or is released from his obligation, his sure-
ties, also are released.

[Ed. Note.—For other cases, see Principal and
Surety, Cent. Dig. §§ 286–295; Dec. Dig. ⊂⇒
118.]

2. BILLS AND NOTES ⊂⇒301 — RELEASE OF
MAKER—EFFECT ON INDORSER.
Where a note was obtained by false and
fraudulent representation without consideration
and plaintiff was not a bona fide holder without
notice, releasing the maker from liability, an in-
dorser of the note was released with the princi-
pal.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 706–721; Dec. Dig. ⊂⇒
301.]

Error from Taylor County Court; E. M.
Overshiner, Judge.

Suit by W. A. Tyer against R. A. Hart and
another. From a judgment for plaintiff
against both defendants, the named defend-
ant appealed to the county court. From a
judgment of the county court for plaintiff
against defendant J. E. Wills only, by de-
fault, and that plaintiff take nothing against
defendant R. A. Hart, defendant J. E. Wills
brings error. Reversed and remanded.

Cunningham & Oliver, of Abilene, for plain-
tiff in error. Sayles, Sayles & Sayles and
Dallas Scarborough, all of Abilene, B. K.
Isaacs, of Ft. Worth, and H. N. Hickman, of
Abilene, for defendants in error.

HARPER, C. J. This suit was filed in the
justice court of Taylor county by W. A. Tyer,
against R. A. Hart and E. J. Wills, upon a
note made by R. A. Hart, payable to himself
and by said Hart and J. E. Wills indorsed to
plaintiff for value. The transcript from the
justice court shows that both of said defend-
ants were duly served with citation. That
judgment was entered in favor of plaintiff
against both of said defendants. That an
appeal was perfected from said judgment
by the said R. A. Hart to the county court.
The judgment of the county court from which
this appeal is taken is in favor of said plain-
tiff, Tyer, and against J. E. Wills, only, by
default, and that plaintiff take nothing against
defendant R. A. Hart. Wills brings the cause
here for review by writ of error.

Findings of fact by the trial court (no
statement of facts in the record):

"(1) That prior to, on, and after the 10th day
of February, 1912, the plaintiff, W. A. Tyer,
was the district sales manager, and T. J. Cald-
well was the local sales agent and subagent of
the said W. A. Tyer and the Improved Brick
& Stone Company of Byhalia, Miss., a corpora-
tion, duly organized under and by virtue of the
laws of Arizona, but not having a permit or
authorized to do business in the state of Texas,
for the sale of a formula for the manufactory of
artificial brick and stone, which said formula
was owned by the said Improved Brick & Stone
Company of Byhalia, Miss.

"(2) That on or about the 10th day of Febru-
ary, 1912, the said T. J. Caldwell by and on the
authority of his said district sales manager, the
said plaintiff W. A. Tyer and the above said
corporation, orally and in writing contracted,
promised, and agreed to deliver to the defendant
R. A. Hart in consideration of the payment by
the said Hart to the said Caldwell as local
agent as aforesaid, and for the benefit of said
corporation the sum of $300, $150 cash, and the
execution and delivery to the said Caldwell for
the benefit of the above said corporation the said
Hart's note for the sum of $150 a one-half in-
terest in the exclusive right to use in Nolan
county, Tex., said formula.

"(3) That representations were made to the
defendant R. A. Hart that the brick or stone
made from this formula were capable of being
used where ordinary brick and stone are now
used, that the same were practicable and feasible
and could be made and marketed upon a paying
basis and were of a valuable nature, and that
the same could be made under the directions of
said formula for $3.00 to $4.00 per thousand

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

and cost of chemicals, and that the said formula was patented.

"(4) That the above said contract and agreement and representations were made upon the authority and approval, and indorsement and instructions of the plaintiff W. A. Tyer, and said corporation.

"(5) That the defendant R. A. Hart in compliance with said contract and agreement and relying on said representations above set out, paid to the said Caldwell as above said, the sum of $150.00 cash, and executed his said note for the sum of $150.00 cash, and executed his said note for the sum of $150.00 and delivered the same with its indorsements to said Caldwell for the benefit of said corporation, same being the note sued upon by the plaintiff, W. A. Tyer.

"(6) That said representations were false and fraudulent and were made for the purpose of inducing the defendant Hart to execute the said note herein sued upon, and that the said Hart acted and relied upon the same to his damage.

"(7) That the said W. A. Tyer had notice of the false and fraudulent representations hereinabove set out and that he did not pay a valuable consideration for the note sued upon.

"(8) That the defendant J. E. Wills indorsed the note sued upon."

Conclusions of law:

"1. The court concludes as a matter of law that the representations made to the defendant Hart were false and fraudulent and were made for the purpose of inducing the said Hart to execute the note sued upon, and that the defendant Hart relied and acted upon the same believing them to be the truth, to his damage.

"2. That the plaintiff Tyer is not a bona fide holder for value without notice of the note sued upon.

"3. That the consideration for the note sued upon has failed and the note is not a binding obligation on defendant Hart.

"4. That the note sued on was given for the benefit of a foreign corporation not authorized to do business in Texas, which corporation had no authority to maintain any suit in Texas on such note, and plaintiff Tyer is likewise precluded from suing in Texas on such note.

"5. The defendant J. E. Wills is liable as an indorser of the note sued upon, and, not having appeared in this court, judgment should be rendered against him."

Appellant urges several assignments which in effect present two propositions of law: First, where the payee of a note cannot recover against the principal on account of inherent vice, such as a failure of consideration, he cannot recover against the surety; second, no judgment can be rendered against a surety upon a note until judgment has been rendered against the principal, unless it first be shown that the principal is dead notoriously insolvent, or his residence unknown, or that he is without the state, where the processes of law cannot be served upon him.

[1] The general rule is that that which releases the principal from his obligation releases the surety. Gourley v. Tyler & Simpson, 15 S. W. 731.

The sureties are not bound where the principal establishes a defense in bar. Thompson v. Chaffee, 39 Tex. Civ. App. 567, 89 S. W. 285.

[2] The trial court, by his findings of fact and conclusions of law, has found as a fact that the note was obtained by false and fraudulent representations; that the plaintiff was not a bona fide holder without notice; that the consideration had failed, etc.; that therefore defendant Hart was not liable. There is no statement of facts in the record, so we cannot here at this time determine the correctness of the conclusions; but, upon such findings of fact, the surety Wills is in law released with his principal obligor. 1 Black on Judgments (1st Ed.) § 209; Burden v. Cross, 33 Tex. 685; Jones v. Ritter, 32 Tex. 717.

The cause must therefore be reversed and remanded, and it is so ordered.

