DANCY v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.

No. 9721.

Court of Civil Appeals of Texas. Galveston.

April 22, 1932.

Rehearing Denied May 12, 1932.

Ward & Ward, of Houston, for plaintiff in error.

John T. Maginnis, William M. Ryan, and Baker, Botts, Andrews & Wharton, all of Houston, for defendant in error.

PLEASANTS, C. J.

This suit was brought by the railroad company, hereinafter designated appellee, against R. R. Dancy, hereinafter designated appellant, to recover the value of nine bales of cotton alleged to have been stolen from appellee, and thereafter purchased by appellant from the alleged thief and converted to his use and benefit.

The defendant answered by a general demurrer and special exception, the nature of which need not be stated, since no complaint is made on this appeal of the ruling of the trial court on the demurrer and exception. Defendant further answered by a general denial.

The trial in the court below without a jury resulted in a judgment in favor of appellee for the sum of $891.45.

The evidence sustains the finding that the nine bales of cotton described in appellee's petition were unlawfully taken from its possession as alleged in the petition and sold to appellant, who thereafter disposed of same and received the proceeds thereof.

It is due appellant to say that there is neither allegation nor evidence that he knew when he purchased the cotton, or when he thereafter in the course of his business as a cotton factor sold and shipped it out of the state, that his vendor was not its lawful owner.

Only two material questions are presented in the able brief by counsel for appellant.

■ The first proposition presented is that, the suit having been brought against appellant individually, and the undisputed evidence showing that, if appellant purchased the alleged stolen cotton, he made such purchase as a member of the firm of R. R. Dancy & Co., which was composed of appellant, R. R. Dancy, Jr., and H. H. Dancy, the judgment against him is without pleading or evidence to support it. Appellee's petition makes no mention of the firm of R. R. Dancy & Co., and only seeks recovery against appellant, R. R. Dancy. The trial court finds: "I find that said R. R. Dancy in purchasing said cotton was acting as a member of the partnership of R. R. Dancy & Company, a partnership composed of R. R. Dancy, R. R. Dancy, Jr., and H. H. Dancy, and that said R. R. Dancy did not purchase any of said cotton except as such partner, and that he engaged in the cotton business solely as a partner in said partnership and not individually."

While the question may not be wholly free from doubt, we think the trial court correctly held that, plaintiff's petition being sufficient to inform appellant of the particular transaction upon which his liability was predicated, and his individual and partnership liability to plaintiff being potentially the same, the pleading and evidence were sufficient to sustain the judgment against him. It seems to us that the question is foreclosed in favor of appellee by the opinions in the cases of Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314, 315; High Hardware Co. v. Garlitz (Tex. Civ. App.) 265 S. W. 1059; and Parker Motor Co. v. Hamilton (Tex. Civ. App.) 9 S.W.(2d) 426, 431.

In the case first cited, while the court held that the petition contained allegations sufficient to show that the liability sought to be enforced against the defendant was his individual liability as partner of the firm mentioned in the petition, the opinion goes further and expressly holds that the mention of the partnership was unnecessary to sustain the judgment against the individual member of the firm. The opinion declares that: "All that was necessary in the pleadings was sufficient allegations to apprise him [defendant] of the particular transactions declared upon. * * * The extent of the liability of defendant in error was the same whether sued as an individual or as a member of the partnership, and the petition was sufficient to inform him of the theory under which he was to be held liable. Although the state of facts may have been set out somewhat different, if he had been sued in his capacity as a partner, yet the cause of action would have been the same. * * * Besides, to constitute a variance the difference between pleadings and proof must be such as to mislead or surprise; and the evidence in the case clearly shows that defendant in error was neither deceived nor surprised by the alleged variance. [First Nat.] Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Jones v. [S. G.] Davis Motor Car Co. (Tex. Civ. App.) 224 S. W. 701."

In each of the two other cases cited by us the opinion of the court sustains our conclusion, as above expressed, upon this question.

In the High Hardware Co. Case, supra, after quoting from the opinion in the Fowler Commission Co. Case, the court says: "In the light of this holding we think it is immaterial whether Garlitz was sought to be held for an individual debt or for a partnership debt. The result would be the same in either instance."

In the Parker Motor Company Case, supra, the question presented was whether a judgment on a claim against a partnership could be rendered against the individual partners without a pleading; there being in that case an absence of allegations of the individual liability of the member. Upon this question the court held: "The contracts of a partnership are joint as to all the partners and several as to each, and the holder of a claim against the partnership may proceed against one or more of the partners on their several liability or all of the partners on their joint liability. Fowler Commission Co. v. Chas. Land & Co. (Tex. Com. App.) 248 S. W. 314. But, where the action lies on a partnership liability, the plaintiff cannot have a judgment against one or more of the partners on their several liability except where such liability is specially pleaded. Texas Land & Cattle Co. v. Molina (Tex. Civ. App.) 258 S. W. 216."

This holding is in conformity with the other cited case.

▆ Appellant knew from the allegations of the petition whether or not the transaction was a partnership one, while appellee was not charged with such knowledge. In this situation, if appellant desired to have the firm made a party and the joint and several liability of each of its members for appellee's claim established by the judgment, he should have had the firm and its members made parties. Having failed to do this, he cannot defeat appellee's right to recover upon his alleged individual liability for the amount due it by his firm.

▆▆ Appellant's second proposition complains of the judgment on the ground that the evidence produced was insufficient to show the value of the converted cotton.

The evidence shows that the nine bales of cotton alleged to have been converted by appellant were stolen from appellee's platform, where it was held awaiting delivery to the consignee, who held bills of lading therefor issued by appellee. Three bales were stolen on January 6, 1926, three on January 16, 1926, and three on January 28, 1926. The market value of cotton of the class as that of the cotton alleged converted by appellant was properly established by competent testimony, and the class and weight of one of the converted bales was shown by the testimony of the consignor. As to the other eight bales, the traveling freight claim agent for appellee testified: "That he had made an effort to find the original records as to class and weight of the stolen cotton, but that he had failed to do so; that on attempting to locate them at the point of origin of the shipments, he found that the records had been destroyed; that the shippers so informed him."

Being thus unable to obtain the records of the class and weight of the several bales of cotton of the three shipments of which the stolen cotton was a part, or to otherwise prove, except as to the one bale above mentioned, the exact weight and class thereof, the following proof was made:

"The three bales stolen January 16, 1926, were taken from a lot of 76 bales shipped by W. S. Jankins of Colbert, Oklahoma, to Anderson, Clayton Company at Houston. The average weight of the remaining 73 bales of that lot received by the consignee was proved by the testimony of W. L. Stuart, who himself weighed the cotton when it was received at the Anderson, Clayton yard and who refreshed his memory from original records made and kept in the ordinary course of business by himself and under his supervision. The average grade of the same cotton was proved by the testimony of A. R. Johnson, cotton classer for Anderson, Clayton, the consignee.

"Two of the three bales stolen January 6, were taken from a lot of 19 bales shipped by Britton Gin Company of Houston, Texas, to Weatherford Crump & Company of Houston. The third bale was taken from a lot of 5 bales shipped by Gardner & Wittwer from Arlington, Texas, to Weatherford Crump & Company at Houston. The average weights and grades of the remaining bales of cotton of these two shipments received by the consignee was proved by W. J. Stagner, head of the Traffic Department of Weatherford Crump & Company, who testified from records correctly and accurately made and kept in the ordinary course of business under his supervision. This witness also testified as to the market value of the cotton. The average grade of the same cotton was further proved by the testimony of W. A. Everts, cotton classer for Weatherford Crump & Company, the consignee, who actually classed the cotton himself. He also testified from records correctly and accurately kept in the ordinary course of business and made in part (as to class) by him. The average weight of the cotton was also shown by L. D. Vanguard of the firm of Morgan, Vanguard and Timmons, who weighed the cotton for Weatherford Crump & Company, the consignee. He testified likewise from the original record which he testified was correctly and accurately kept in the ordinary course of business, and made in part by him (as to weight). The

records from which Everts, the classer, and Vanguard, the weigher, testified were identified by E. F. Norman, checker for Weatherford Crump & Company, who testified that they were regularly, accurately and correctly made in the ordinary course of business by him in his own handwriting.

"Two of the bales stolen on January 28th were consigned to Sanders & Company of Houston. It was shown by J. A. Aldridge, traveling freight claim agent for the Railroad, that the original records of the shipper could not be produced because they were destroyed. By the witness, E. F. Kolb, it was shown that the consignee, Sanders & Company, at the time of the trial, had been out of business for three years. Hence it was impossible to produce any records of weight and grade at all—either those of the shipper, or those of the consignee. The Railroad, therefore, as to those two bales concerning which no proof as to weight and grade was made, asked for judgment for the market value (at the time of conversion) of two bales of average weight, and of the lowest possible grade, which judgment the trial court gave as is evidenced by its findings of fact."

We think the testimony of appellee's freight agent above set out sufficiently accounts for the failure to produce the original records showing the class and weight of the several bales of cotton to permit the introduction of secondary evidence to prove the class and weight of such cotton, and the evidence produced was sufficient to sustain the findings of the trial court as to the value of the cotton. We cite the following authorities, which we think fully support our conclusion upon this question: Mays v. Moore, 13 Tex. 88; Waggoner v. Alvord, 81 Tex. 365, 16 S. W. 1083; 13 Texas Jurisprudence, § 238; First Nat. Bank v. Ry. Co., 97 Tex. 201, 77 S. W. 410.

It follows from what we have said that the judgment should be affirmed, and it has been so ordered.

Affirmed.