## SCARBOROUGH v. KERR et al.
### No. 2573.

Court of Civil Appeals of Texas. Beaumont.
April 12, 1934.

Curtis W. Fenley, R. W. Fairchild, and Jack U. Scarborough, all of Lufkin, for appellant.

Guinn & Guinn, of Rusk, for appellees.

WALKER, Chief Justice.

In this case on a bill of review, the trial court set aside a judgment by default in favor of appellant, W. M. Scarborough, against B. B. Kerr as principal, and L. D. Guinn and L. H. Jones as sureties, on a replevin bond in a garnishment case; and by the final judgment released the principal and sureties from all liability on the bond. The issue made by the bill of review against the judgment by default and found by the court in support of the judgment appealed from was that the fund replevined was not subject to garnishment. The appeal is prosecuted only against the sureties. On this statement the judgment in favor of the principal has become final. The result necessarily follows that appellant has no cause of action against the sureties on the appeal bond. The principle of law controlling this conclusion was thus stated by the court in Garrett v. Dodson (Tex. Civ. App.) 199 S. W. 675, 677: " * * * We think any plea by the principal of the bond, if established, which would release him, will also release the sureties and will inure to their benefit, whether urged by them or not in a separate plea. Under articles 1842 and 1897, judgment cannot be rendered against parties secondarily liable where no judgment is rendered against the primary obligor. If the primary obligor is not liable, the surety would be released upon establishing that fact. It occurs to us that, when the principal and sureties are sued in the same action upon the same contract, if the principal pleads facts showing nonliability which would defeat a judgment against him, whether pleaded by the sureties or not, they could urge, both in the court below and upon appeal, such nonliability under the plea made by the principal. Wills v. Tyer [Tex. Civ. App.] 186 S. W. 862, and authorities cited; Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046."

 Appellant's motion to amend his appeal bond by making the principal a party thereto comes too late and is therefore overruled. It ·follows, therefore, that the judgment appealed from must be in all things affirmed, and it is accordingly so ordered.

Affirmed.