JOSEPH R. GROSE & another *vs.* JOHN HENNESSEY & another.

If a chattel is sold to which the vendor has no title, the purchaser may maintain an action against him to recover damages therefor; and the measure of damages is the value of the chattel; and it is immaterial that the purchaser has not been deprived of the possession of the chattel.

CONTRACT brought to recover damages for the breach of covenants of title contained in a bill of sale from the defendants to the plaintiffs of a shop on Broad Street in Boston, together with the unexpired term of the lease of the land on which the shop stood.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the shop was built on leased land, and the plaintiffs contended that it became part of the realty; and the defendants contended that liberty to remove the same at the end of the term was reserved by special agreement. The lease had not

expired, and the plaintiffs had never been disturbed in their possession. The defendants contended that on this ground the plaintiffs could not recover; but the judge ruled otherwise.

The defendants requested the court to rule that under the circumstances of the case the plaintiffs could only recover nominal damages; but the judge admitted evidence of the value of the shop, and ruled that the measure of damages, in case the jury should find that the defendants were not the owners of the shop, would be the difference in value between such title as the plaintiffs took and such title as the defendants covenanted that they had conveyed.

The jury accordingly returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*J. B. Lord,* (*D. F. Fitz* with him,) for the defendants.

*C. H. Hill,* for the plaintiffs.

Hoar, J. The suggestion of the defendants that there was a mistrial, because the facts might have shown that the shop which they sold was a tenant's fixture, and so that the plaintiffs got a good title by the sale, cannot affect the decision of the case. No such ground appears to have been taken in the court below, and the facts on which it could have been maintained are not fully reported. That the defendants might perhaps have had a better defence than that which they presented does not constitute a mistrial.

The point presented by the exceptions is a very plain one. Upon the finding of the jury it appears that the defendants sold as a chattel a building to which they had no title, because it was a part of the realty. By the same instrument they transferred a lease of the premises of which the building formed a part, and the plaintiffs had the possession of the building under the lease. But by the sale of it as a chattel no title passed. In every sale of personal property there is an implied warranty of title. Here there was an express warranty. The rule of damages was certainly sufficiently favorable to the defendants. The difference in value between that which the defendants did convey, and that which they covenanted that they conveyed, would be the exact measure of the plaintiffs' loss by the breach of the

covenant. The rules which belong to the covenants of seisin and warranty in conveyances of real property have no application. *Exceptions overruled.*