JULIA F. HALSELL v. BENNETT MUSGRAVE.

No. 310.

1. **Parol Evidence—False Representations—Bill of Sale.**—Where the buyer sues to cancel a sale of cattle on account of fraudulent representations made by the seller's agent, evidence of such representations is not inadmissible on the ground that it varies or contradicts the bill of sale.

2. **Sale—Fraudulent Representations Held Material.**—Where the seller's agent induces the buyer to make the purchase by falsely representing that an adverse claim to the property had been released, such representations are material, and entitle the buyer to have a cancellation of the contract.

3. **Principal and Agent—Fraud of Agent.**—Where the principal has received the benefit of a sale, he is liable for false representations made by his agent in effecting it, though such representations were unauthorized by and unknown to the principal.

4. **Interest—Reforming Judgment—Costs on Appeal.**—The court below, in rendering judgment for plaintiff, erroneously allowed interest at 8 instead of 6 per cent. *Held*, that a motion by defendant for new trial, though very general on this point, could not be treated as a total failure to call the court's attention to the error, and on appeal by defendant the judgment would be reformed at plaintiff's cost.

APPEAL from Wise. Tried below before Hon. J. W. PATTERSON.

*Soward & Martin*, for appellant.—1. The court erred in admitting the testimony as to the verbal representations, statements, and agreements made by O. T. Love to plaintiff in regard to the claim of J. W. Cooper to the cattle, made at the time or prior to the date when the bill of sale thereof was delivered to plaintiff, because the same seeks to alter and vary a written contract. Tied. on Sales, sec. 196; Wooters v. Railway, 54 Texas, 294; Railway v. McKinney, 55 Texas, 176.

2. The court erred in refusing to instruct the jury as to the authority of O. T. Love to bind the defendant by representations made by him to Musgrave in regard to the claim of J. W. Cooper to the Earhart cattle, provided Love was instructed not to buy out the Cooper claim on defendant's account at any price, and that of this plaintiff was informed by Love at and before the time the trade between plaintiff and defendant was closed. Smith v. Tracy, 36 N. Y., 78; Tied. on Sales, sec. 183; Aultman v. York, 1 Texas Civ. App., 484; Story on Agency, secs. 126, 127; Kerr on Fraud and Mist., 116; Savings and Loan Co. v. Ins. Co., 16 Iowa, 79.

3. The court erred in the first clause of its charge, because it made the right of plaintiff to recover depend not upon the validity of the claim of J. W. Cooper to the Earhart cattle, or the want of title thereto in defendant, but upon the question, did Love represent to the plaintiff that he had bought out the Cooper claim to the Earhart cattle, and did plaintiff rely upon the same, and was said statement false. ˙ Kerr on Frauds, 73; Tied. on Sales, sec. 158; Benj. on Sales, 390; Medbury v. Watson, 6 Met., 246; Long v. Woodman, 58 Me., 49.

*Carswell, Fuller & Terrell,* for appellee.—1. The evidence complained of was not offered and admitted for the purpose of altering or varying the written bill of sale, but for the purpose of showing that appellee was induced by false and fraudulent representations to make the contract and accept the bill of sale, for which purpose it was admissible. Kerr on Fraud and Mist., 325, 326; Whart. Law of Ev., secs. 931, 1019; Haight v. Hoyt, 19 N. Y., 468.

2. If Love was authorized by appellant to sell or trade the Earhart cattle, and he by his own false and fraudulent representations induced appellee to make a contract with him as her agent in reference to them, whereby he parted with his own cattle, and appellant received them and appropriated them to her own use, he is entitled to avoid the contract, whether appellant authorized or knew of the representations or not. Henderson v. Railway, 17 Texas, 575; Aultman v. York, 71 Texas, 263; Kerr on Fraud and Mist., 111, 112; Benj. on Sales, 3 ed., secs. 445, 466; Rhoda v. Annis, 75 Me., 17; 1 Bige. on Fraud, 225–229; 1 Pars. on Con., 73; Veazil v. Williams, 8 How., 149; Wolfe v. Pugh, 101 Ind., 303; Kennedy v. McKay, 39 Am. Rep., 581.

3. The first paragraph of the court's charge was a clear, full statement of the law as applied to the facts of this case. Wintz v. Morrison, 17 Texas, 383; Henderson v. Railway, 17 Texas, 576; Kerr on Fraud and Mist.; 333, 334; 2 Pars. on Con., 769, 770; Smith v. Countryman, 30 N. Y., 670, 671; Benj. on Sales, sec. 428.

4. The rendition of the judgment bearing 8 per cent interest was clearly an oversight, and if the matter had been raised in the court below by a

proper motion to reform the judgment it would have been corrected. Helm v. Weaver, 69 Texas, 145.

HEAD, ASSOCIATE JUSTICE.—The verdict establishes that in May, 1890, appellant, claiming to be the owner of what was known as the Earhart stock of cattle in Dona Ana County, New Mexico, through her agent, O. T. Love, proposed to trade them to appellee for some of his cattle in the State of Texas. Appellee, however, declined to make this trade, upon the ground that one J. W. Cooper, who was a wealthy and influential stock man, was also claiming the Earhart cattle, and he did not care to become involved in litigation with him. A short time after this, Love again proposed this trade to appellee, and to overcome his previous objection thereto, told him that Cooper no longer laid claim to the cattle; that he had induced him to release his claim by giving him his (Love's) wages during the time he had been in New Mexico, and promising to use his influence to induce appellant to pay him $200 additional, but he was satisfied she would not do this, as she had steadily refused to recognize Cooper's claim or pay anything therefor.

Relying upon this statement, which was reiterated by Love before a witness, appellee made the trade, and at his own expense came from New Mexico to Texas and delivered to appellant 400 head of his cattle, and received from her agent a bill of sale with covenant of warranty to the Earhart cattle in New Mexico. Cooper had not, in fact, released his claim, as represented by Love; and while appellee was in Texas delivering the cattle to appellant, he (Cooper) took actual possession of the Earhart cattle, and drove them to his ranch in an adjoining county, and still claims them as his own. Love made the representation to appellee that Cooper had released his claim, to induce him to make the trade, knowing its untruth, and also knowing that he would not take the cattle with this cloud upon the title.

This suit was instituted by appellee to cancel the trade he was induced to make as aforesaid, and to recover as damages the value of the 400 head of cattle delivered by him to appellant in pursuance thereof, and also his expenses in making such delivery. The petition also contained a count upon the covenant of warranty in his bill of sale. The trial in the lower court, on August 13, 1891, resulted in a verdict and judgment in favor of appellee for $3642.50, from which this appeal is prosecuted.

*Opinion.*—There was no error in the refusal of the court to exclude from the jury the evidence as to the fraudulent representations made by Love to induce appellee to enter into the trade. This evidence was not introduced to contradict or vary the written bill of sale, but to cancel and set aside the contract altogether, by reason of the fraud practiced

in its procurement.    1 Greenl. on Ev., sec. 284; Ranger v. Hearne, 41 Texas, 258.

We think the court correctly instructed the jury to find for appellee if they believed he was induced to make the trade by a false and fraudulent statement made to him by appellant's agent, to the effect that Cooper no longer laid claim to the cattle.    Appellee had the right to refuse to make a trade which would involve him in litigation with Cooper, whether the latter's claim be well or ill founded; and if appellant's agent knew this was a material consideration with him, and falsely represented that this objection had been removed, and thereby induced appellee to make a contract he otherwise would not have entered into, the misrepresentation must be held to have been material, and appellant's right to cancellation on account thereof clear.    Wintz v. Morrison, 17 Texas, 372.

Appellant seeks to meet this by showing that Love told appellee she refused to recognize Cooper's claim to the cattle, and would not pay anything to secure its release.    But the material point with appellee was that this claim should be released before he traded for the cattle, and it was a matter of indifference to him who might pay for securing it.    He had declined to take the cattle with this claim hanging over them, and to overcome this objection appellant's agent falsely represented to him that it had been removed, and explained how it had been done by the use of his own means.    It was therefore not the case of a promise by an agent to do some unauthorized act in the future, but it was a misrepresentation as to an accomplished fact known to be material.    Under these circumstances, we think it clear that appellant can not shield herself behind a want of authority in her agent, and in justice to her we will say that she does not seek to do so in her evidence.

The law upon this subject, steadily adhered to in this State, is well set forth in the opinion by Wheeler, J., in Wright v. Calhoun, 19 Texas, 420, as follows: " It is a general doctrine of law (says Judge Story), that the principal is held liable to third persons in a civil suit for the frauds, deceits, concealments, misrepresentations, torts, negligences, and other malfeasances or misfeasances and omissions of duty of his agent in the course of his employment, although the principal did not authorize or justify or participate in, or, indeed, know of such misconduct, or even if he forbade the acts or disapproved of them.    In all such cases the rule applies, *respondeat superior*.    Story on Agency, sec. 452.    There can be no sounder doctrine of morals or of law, than that which forbids the principal to take a benefit from the fraudulent contract of his agent, to the injury of an innocent third person.    It would indeed be a monstrous doctrine to hold that a principal may speculate upon and enjoy the fruits of the frauds of his authorized agent, and incur no responsibility to the injured parties.    It would enable one man, by employing the instrumentality of an unprincipled agent, to cheat, defraud, and swindle others

out of their property, and turn them over to their recourse upon the worthless agent, while he, the principal, received and retained the fruits of the iniquitous bargains. Such doctrine can have no sanction in morals or law."

There is no question in this case as to the authority of the agent, Love, to make the trade with appellee in behalf of appellant, and she must be held bound by his representations as to the condition of her title. This disposes of appellant's fifth, sixth, eighth, and ninth assignments against her.

The court erred in allowing appellee interest at the rate of 8 instead of 6 per cent after the Act of 1891 took effect. Railway v. Humphries, 4 Texas Civ. App., 333; White v. Lyons, 42 Cal., 279; 1 Suth. on Dam., 2 ed., sec. 368; 1 Sedg. on Dam., 339.

The court also erred in entering the judgment to bear 8 instead of 6 per cent interest after its rendition. Acts 1891, p. 87.

Appellee concedes these errors, but insists that inasmuch as they clearly arose through inadvertence, and were not fairly called to the attention of the lower court, the judgment should be here reformed at appellant's cost. We think the motion for new trial, while certainly very general on this point, can not be treated as a total failure to call it to the attention of the trial court, and we must therefore tax the costs of this court against appellee.

The judgment of the court below will here be reformed by entering thereon a credit of $6.25 as of the date of its rendition, and that it be made to bear interest at the rate of 6 instead of 8 per cent since that time, and that it be in all other respects affirmed.

*Reformed and affirmed.*

Delivered December 13, 1893.