## A. D. BAKER COMPANY *v.* SMEDLEY.

[No. 7,737. Filed December 20, 1912. Rehearing denied February 21, 1913. Transfer denied December 9, 1913.]

1. SALES.—*Rescission.—Fraud.—Damages.*—Where a party relies upon the rescission of a contract of sale on the ground of fraud, he need not aver and prove a monetary damage. p. 81.
2. CONTRACTS.—*Validity.—Fraud.—Sales.*—A contract is voidable *ab initio* for fraud, where, but for the fraudulent representations, the party would not have been induced to enter into it; hence the purchaser of a traction engine, who relied on the seller's representation that the title was unincumbered, on discovering that such representation was false, could rescind the entire contract for the fraud practiced upon him and thereby prevent the seller from obtaining any advantage on account of the fraud and deception. p. 81.
3. CONTRACTS.—*Rescission.—Fraud.*—To justify rescission on the ground of fraud, it must appear, among other things, that there was misrepresentation as to a material matter constituting an inducement to the contract, and that the party rescinding was injured thereby. p. 81.
4. SALES.—*Misrepresentation as to Incumbrances.—Rights of Purchaser.*—Where property, in fact incumbered, was represented to the purchaser as free from incumbrance, and such representation was a material inducement to the making of the contract, such purchaser, if injured by the fact that the property as incumbered is worth less to him than if unincumbered, may rescind on discovering the fraud, even though he has not been deprived of possession by reason of such incumbrance. p. 82.
5. APPEAL.—*Review.—Harmless Error.—Demurrer to Answer.*—Error, if any, in overruling a demurrer to defendant's answer alleg-

ing a rescission of the contract of sale of a traction engine for plaintiff's fraud in representing that the title was unincumbered, grounded on the proposition that such answer did not show by proper averments that defendant was injured by the alleged fraud, was rendered unavailable, where there was evidence received without objection showing injury by reason of such fraud, since the defect in the answer was such as could have been amended to conform to the evidence and must on appeal be deemed to have been so amended by virtue of §700 Burns 1908, §658 R. S. 1881. p. 82.

6. SALES.—*Rescission for Fraud.—Statu Quo.*—Where the purchaser of a traction engine rescinded the contract of sale on the ground of fraud in the seller's representation that it was not incumbered by mortgage, he was not required, in order that the parties be placed in *statu quo*, to offer to return the reasonable value of the use of the engine for the time for which he used it, where the representations as to the fitness of the engine were also untrue, and such value was less than the value of the repairs and the cost of rendering the engine suitable for use. p. 84.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by A. D. Baker Company against Morgan L. Smedley. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Oscar K. Hobbs* and *P. V. Hoffman,* for appellant.
*W. W. Hottel,* for appellee.

IBACH, C. J.—This was an action by appellant on notes given as part of the purchase money for a traction engine, and to foreclose a chattel mortgage securing the same. Appellee answered in general denial and filed a second paragraph of answer alleging that appellee had rescinded the sale because of fraud on the part of appellant's agent. Appellant's demurrer to this paragraph of answer was over-ruled; it replied in two paragraphs, and an agreement was made that all matters in counterclaim, answers and replies thereto might be given in evidence without further pleading. The court made a special finding of facts, stated conclusions of law in favor of appellee, and rendered judgment

against appellant for costs, and that it is the owner of the engine by reason of a rescission of the contract of sale.

It is insisted that the court erred in overruling the demurrer to the second paragraph of answer, because it does not show by proper averments that appellee was

1. injured by the alleged fraud of appellant, in representing the engine as free from incumbrances at the time of sale, when it was in fact incumbered by a chattel mortgage, and is therefore insufficient. This is not a case where the party defrauded retains the property and sues for damage sustained on account of that fraud, but is one where appellee has pursued another remedy, by rescinding the contract of sale, for fraud, which he had a right to do, and in such case it is not necessary to aver and prove monetary damage. It is well settled that a contract

2. is voidable *ab initio* for fraud where one is induced to enter into a contract which he would not have made but for the fraudulent representations. Neither party to any contract will be permitted to deceive the other as to a material matter constituting an inducement to the contract, either actively or passively, and a court whose province is to administer justice will see that no one shall secure any advantage of his adversary from his own fraud. Hence in this case, appellee, on discovering that he had not received the property contracted for, but had obtained a different and less valuable interest in it than a full and complete title, or in other words, when he discovered the fraud practiced upon him, had the right to rescind the entire contract and thereby prevent appellant from obtaining any advantage over him on account of its fraud and deception.

In order to justify rescission upon the ground of fraud, there must be shown, among other things, that there was misrepresentation as to a material matter constituting

3. an inducement to the contract, and that the party rescinding was injured thereby. It has often been

held that where property, in fact incumbered, was
4.　represented as free from incumbrance, and such repre-
　　sentation was a material inducement to the making of
the contract, the purchaser, upon discovering the incum-
brance, may, where he can show injury from the fact that
the property as incumbered is less valuable to him than if
it were unincumbered, rescind the contract, and it is not
necessary that he should have been deprived of possession,
in order to show injury. Tiedeman, Sales §164; *Merritt* v.
*Robinson* (1880), 35 Ark. 483; *Stevenson* v. *Marble* (1897),
84 Fed. 23; *Halsell* v. *Musgrave* (1893), 5 Tex. Civ. App.
476, 24 S. W. 358; *Grose* v. *Hennessey* (1866), 95 Mass. 389;
*Masson* v. *Bovet* (1845), 1 Denio (N. Y.) 69, 43 Am. Dec.
651; *Ketletas* v. *Fleet* (1811), 7 Johns. (N. Y.) *324; 35
Cyc. 73.

We do not decide whether it is sufficiently alleged in the
answer that appellee was injured by appellant's false repre-
　　sentations. It is enough to say, that it was proved
5.　at the trial without objection that, at the time the
　　engine was sold to appellee, one Chastain was the
holder of a valid chattel mortgage on it for an amount
greater than its value, that Chastain told appellee that he
was going to foreclose such mortgage, and thereupon appel-
lee tendered the engine back to appellant, and did not use
it again. Thus there was evidence showing injury to appel-
lee by reason of appellant's fraud. Section 700 Burns 1908,
§658 R. S. 1881, provides that this court shall not reverse
a judgment for any defect in form, in any pleading, which
might be deemed amended in the court below, but such
defect shall be deemed to be amended in the higher court.
If the answer was defective in the particular claimed, the
court could have permitted it to be amended to conform to
the evidence, and consequently this court must deem it
amended. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178
Ind. 258, 98 N. E. 177; *Noble* v. *Davison* (1912), 177 Ind.
19, 96 N. E. 325; *Vulcan Iron, etc., Co.* v. *Electro, etc.,*

*Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307. And by §350 Burns 1908, §345 R. S. 1881, it is provided that no objection taken by demurrer and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined. In this case, this statute might be invoked, if needed, but the cases above cited determine that error, if any, in overruling the demurrer to the answer, is unavailing to appellant in this case.

It appears from the finding of facts that the defendant executed the notes and gave the mortgage sued on as part of the purchase price for the engine described in the mortgage; that appellant's authorized agent at the time of the sale represented to appellee that the engine was in good shape and condition and free from liens and incumbrances; that appellee relied upon these representations and believed them to be true, and by them was induced to buy the engine and execute the notes and mortgages and turn over another engine as part of the purchase price, that at the time of the sale, the engine was mortgaged to one Chastain for a larger sum than the defendant had promised to pay for it, and this mortgage was duly recorded and a lien on the engine, which fact plaintiff knew when the sale was made, and defendant did not know at the time; that the first notice defendant received of the existence of the mortgage was from Chastain, who informed him that he was going to foreclose his mortgage, and defendant offered to surrender the engine to him without foreclosure proceedings; that immediately after defendant received such information, he at once demanded the notes sued on and a cancelation of the debt and offered to surrender the engine to the plaintiff; that the agent of defendant at the time of sale warranted the engine in first class condition for work, but the water-tanks were old and unfit, and the whistle was gone and defendant had to spend $50 to repair said defects before he could use it; that it was an old wornout engine that had been

used by two or three parties; that the defendant was damaged on account of the condition of the engine and the repairs necessarily made thereon by being required to expend more than the value of the use of the engine prior to the offer to surrender it; that defendant did not use the engine after his offer to surrender; that the value of the use of the engine from the time he offered to surrender the engine until the mortgage was released was more than the value of the engine, or the amount of the notes.

From these findings there appear all the essential facts to support the rescission of a contract on the ground of fraud.

6. It was unnecessary, in order that the parties should be placed in *statu quo* for defendant to offer to return the reasonable value of the use of the engine for the time for which he used it, since such value was less than the cost of rendering it suitable for use and the value of the repairs added to the engine. The court was correct in its conclusions of law that the law was with the defendant on his special answer, that the contract should be rescinded and the notes canceled and surrendered, and plaintiff should have the engine and take nothing by reason of its complaint, and bear the costs of the action.

There is some evidence supporting every finding of fact, and it appears that the cause was fairly and justly tried, and a correct result reached. Judgment affirmed. Hottel, J., not participating.

NOTE.—Reported in 100 N. E. 307. See, also, under (2) 9 Cyc. 431, 433; (3) 9 Cyc. 425, 431; (4) 35 Cyc. 73; (5) 31 Cyc. 358; (6) 9 Cyc. 437; 35 Cyc. 146.