HACKNEY MFG. CO. v. CELUM et al. (No. 628.)

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1916. On Rehearing, Dec. 13, 1916.)

1. EVIDENCE ⊕⇒434(8) — PAROL EVIDENCE TO VARY WRITINGS—FRAUD.

The rule, excluding parol evidence to vary written instruments, has no application where it is sought to avoid a contract, the execution of which is alleged to have been induced by false and fraudulent representations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2012; Dec. Dig. ⊕⇒434(8).]

2. SALES ⊕⇒168½(1)—CAVEAT EMPTOR—PRIVILEGE OF INSPECTION.

The doctrine of caveat emptor does not apply against a purchaser of a plow under agreement that he should have the privilege of inspection and trial, and of rejection if it failed to do the work for which it was warranted, though such agreement was oral, and made by an agent, whose authority to do so was not shown.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 409, 418; Dec. Dig. ⊕⇒168½(1).]

3. SALES ⊕⇒255—WARRANTY—BREACH—LIABILITY.

The purchaser of a plow from a local agent, under warranties and representations to the

same effect as those contained in letters from the manufacturer to the agent, can rely directly on the warranties and representations made by the manufacturer, whether communicated to him or not.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 715, 716; Dec. Dig. ⊶255.]

4. SALES ⊶168½(8) — RIGHT TO RESCIND — ACCEPTANCE OF GOODS.
　The purchaser of a plow, under agreement for inspection and trial, with right of rejection, is not, by his acceptance and trial of the plow, precluded from rescinding.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 416; Dec. Dig. ⊶168½(8).]

5. BILLS AND NOTES ⊶277 — LIABILITY OF INDORSERS.
　The indorser of a note, being only secondarily liable, cannot be held until a valid obligation is established against the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 626; Dec. Dig. ⊶277.]

6. JUDGMENT ⊶250—CONFORMITY TO ISSUES —EXPRESS AND IMPLIED CONTRACTS.
　Where the payee of a note sued its agent, who had indorsed the note, together with the maker, its suit was on express contract, and it could not recover the commission paid the agent on the sale for which the note was given, since that arose from implied contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. ⊶250.]

7. FRAUD ⊶60—RESCISSION OF CONTRACT— DAMAGES.
　On rescission of a sale for fraud inducing its execution, the purchaser may recover any money paid, and any expense necessarily incurred as the proximate result of the fraud, such as purchase of tools and plow to operate with a power plow purchased on the rescinded contract.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 65; Dec. Dig. ⊶60.]

8. FRAUD ⊶60—RESCISSION OF CONTRACT— DAMAGES.
　On rescission of a sale for fraud inducing its execution, the purchaser may recover any money paid for an attachment to the plow purchased under the contract, which was a part of the original order.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 65; Dec. Dig. ⊶60.]

9. CORPORATIONS ⊶422(1) — LIABILITY FOR WRONGFUL ACTS.
　Whether it authorized them or not, the principal is liable for and bound by any fraudulent representations made by its agent in securing indorsements on a note in which it was the payee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1685, 1687, 1691; Dec. Dig. ⊶422(1).]

10. SALES ⊶131 — RESCISSION — LIEN FOR DAMAGES.
　The purchaser of a warranted plow, under false and fraudulent representations, who rescinded, could not, unless the seller was insolvent, have a lien on the plow for the amount of any damages decreed him.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 325–327; Dec. Dig. ⊶131.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Hackney Manufacturing Company against A. T. Celum and others, wherein Celum reconvened. Judgment for defendants, and for Celum on his reconvention, and plaintiff appeals. Reformed and affirmed.

Ashley Coffman, of St. Paul, Minn, and G. L. & Atlas Jones, of El Paso, for appellant. Winter, McBroom & Scott, of El Paso, for appellees.

HIGGINS, J. Appellant brought this suit against A. T. Celum, A. H. Celum, R. W. Love, and the Valley Implement & Vehicle Company, to recover upon two promissory notes executed by defendants.

The notes sued upon were given in part payment for an Auto Plow and certain attachments sold and delivered by appellant to A. T. Celum. The Valley Implement & Vehicle Company were the local agents for the sale thereof, and the purchase was made through them. The contract of purchase was evidenced by a written order dated March 7, 1913, of A. T. Celum to appellant, directing the shipment of the plow and attachments to him at Clint, Tex., for which he agreed to pay $1,875, $500 to be paid in cash and balance to be evidenced by notes. He also agreed to pay freight. The contract provided that appellant would in no case be bound by verbal agreements of any kind made with its travelers, mechanical experts, or local agents, and that the order must comprise all the agreements in writing, and no agreement would be binding upon appellant unless it was duly submitted to it for approval and acceptance.

A. T. Celum answered that he was induced to purchase the plow and attachments, to make the cash payment of $500, and to execute the notes sued upon by false and fraudulent representations made by appellant that the plow would successfully plow five year old alfalfa sod 10 inches deep, and had been thoroughly tested out in all kinds of soil, and was known to be a success, and would successfully plow alfalfa sod and other soils at Clint, for which purpose it was being purchased; would plow 8 or 10 acres a day, and had sufficient power to plow in all kinds of soil, and was simple in operation; that it was also well adapted as a tractor, and would do the work of 7 to 10 horses; that it was further represented and promised that if he would order the outfit, pay the $500 cash and execute the two notes, the outfit would be shipped, with the agreement that if it did not work satisfactorily, appellant would take same back and return the cash payment and notes. Said defendant reconvened for the freight paid and the purchase price of other attachments and supplies purchased and used in testing the plow.

The Valley Implement & Vehicle Company answered, averring that it indorsed the note sued upon about April 20, 1913, upon the express agreement with appellant that its indorsement was subject to the condition that the plow outfit would be satisfactory to A. T. Celum, or, in any event, would be satisfactory; that the outfit was not satisfactory

to said Celum, and was not satisfactory; that it was appointed by appellant as its agent for its auto plows and appliances; that it was not familiar therewith, and appellant represented that the same had been thoroughly tested in all kinds of soil and was a success; that if it would obtain an order for one of the plows, appellant would send one, Brown, and demonstrate it, with the understanding that if it did not work satisfactorily, the order would be canceled, the machine taken back, and money returned; that it made certain representations in its catalogue and literature; that it repeated such representations to A. T. Celum, and upon the faith thereof took the Celum order and cash payment and Celum's notes, promising Celum that if the outfit did not work satisfactorily, and especially if it did not work satisfactorily in alfalfa stubble soil, appellant would cancel the order, take back the plow, and return the notes and cash payment; that, relying upon such promises and representations, Celum gave the order, made the cash payment, and gave the notes to the Valley Implement & Vehicle Company, as appellant's agents; that the outfit was shipped, and one Brown, sent to demonstrate the same for Celum on his ranch; that after Brown had been at Celum's ranch for some days, he came to that defendant and represented to its manager that he had demonstrated the plow, and same was satisfactory to Celum, and exhibited a written acceptance of the plow outfit, bearing Celum's signature, all of which was done by Brown to secure that defendant's indorsement and delivery of the notes to Brown as appellant's agent; and, relying thereon, the said defendant did indorse and deliver the notes to Brown; that thereafter, it was ascertained that said plow was not in fact satisfactory to Celum, and that he never, in fact, accepted the same, but that the purported acceptance thereof had been procured from him by Brown as appellant's agent through false and fraudulent representations; that the outfit never became satisfactory to Celum, and the same did not comply with the representations made with reference to the same, and made by that defendant to Celum, as appellant's agent, and that Celum, after testing the plow, notified said defendant that he would not accept it; that it would not have made the representations to Celum, and would not have undertaken to obtain Celum's order but for the promises and representations made by appellant; and that, acting upon such representations and promises, defendant performed much work and service in putting the plow on the market and obtaining the order therefor, which representations were false, and induced that defendant's action in procuring the order from Celum.

Defendants Love and Albert H. Celum, adopted the answers of their codefendants, and set up their suretyship upon the notes sued upon.

The cause was submitted to a jury upon special issues, all of which were answered in favor of the defendants, and in accordance therewith, a judgment was entered that plaintiff take nothing by its suit; that the order and notes be canceled; that A. T. Celum delivered back to appellant the plow and attachments; and that Celum recover from the plaintiff the cash payment, freight paid, and certain expenses incurred in testing the plow, and to secure its payment, a lien was established and foreclosed upon the plow and its attachments.

We will not undertake to discuss in detail the numerous assignments and supporting propositions submitted in appellant's brief. To do so would protract the opinion to an unreasonable length and serve no good purpose. The opinion will be confined to a statement of our conclusions upon what are conceived to be the controlling questions in the case.

[1] There is no merit in the contention, presented in various forms, that the false and fraudulent representations pleaded by A. T. Celum were not available as a defense, in view of the provision in the contract that appellant would not be bound by verbal agreements made by its travelers, mechanical experts, or local agents. The rule, forbidding the introduction of parol evidence to alter, vary, or contradict the terms of a written instrument, has no application where it is sought to avoid a contract, the execution of which was induced by false and fraudulent representations. Discussion of this phase of the case is unnecessary to show the propriety of the court's action in annulling the contract based upon the finding of the falsity of the representation that the plow would plow five-year alfalfa sod 10 inches deep, and that the plow had been thoroughly tested in all kinds of soil; was a success; had sufficient power to plow any kind of soil; was simple in operation; would plow 8 to 10 acres a day; was adapted to use as a tractor; and was capable of doing the work of 7 to 10 horses. It is sufficient to refer only to some of the authorities to show the inapplicability of the parol evidence rule invoked by appellant. See Case Threshing Machine Co. v. Webb, 181 S. W. 853; United States Gypsum Co. v. Shields, 106 S. W. 724; Bonding Co. v. Bomar, 169 S. W. 1060; Kirby v. Thurmond, 152 S. W. 1099.

[2] There is no merit in the contention that the doctrine of caveat emptor applied to the purchase of the plow. The fact that the written contract for its purchase was executed by A. T. Celum with the understanding that he was to have the privilege of testing the plow for the purpose of seeing the work it would do before accepting it would not seem to render the doctrine applicable. Upon the contrary, it rebuts such idea. And whether the agents of appellant had any authority to make the false and fraudulent rep-

resentations which induced the execution of the contract is a matter of no importance. Halsell v. Musgrave, 5 Tex. Civ. App. 476, 24 S. W. 358; Wright v. Calhoun, 19 Tex. 420.

[3] It is contended that A. T. Celum could not rely upon representations made by the Hackney Manufacturing Company in its letters to the Valley Implement & Vehicle Co., relative to selling a plow to the Valley Implement & Vehicle Company, because such representations were not made for the purpose of having the Valley Implement & Vehicle Company communicate the same to A. T. Celum. Regardless of whether the representations contained in these letters were intended to be communicated to A. T. Celum, they were nevertheless sufficient to authorize the Valley Implement & Vehicle Company to make to Celum the same representations contained in such letters. Since the company was appellant's agent, representing it in procuring the order from Celum, it is a matter of no consequence whether it was appellant's purpose that such representations should be communicated to Celum.

There is no merit in the fourth proposition subjoined to the first assignment.

[4] In reply to fifth proposition under first assignment, it is sufficient to say that Celum was not precluded from rescinding the contract because he received and tested the plow and procured indorsers upon his notes and delivered same to appellant. Upon the contrary, that was the proper thing for him to do under his contract. It would be a strange rule which would preclude him from rescinding because he gave the notes required by his contract and received the machine, made a thorough test thereof, and adopted every suggestion made by appellant's agent in an effort to make it comply with the representations made concerning it.

[5] It is insisted that the judgment is contrary to the law and evidence in so far as it adjudges that plaintiff take nothing against the Valley Implement & Vehicle Company, R. W. Love, and Albert H. Celum. A complete answer to this is that A. T. Celum was the principal maker of the notes sued upon, and the other parties thereto were secondarily liable only. This being the case, necessarily no judgment could be rendered against them until a valid obligation was established against the principal maker. Wills v. Tyer, 186 S. W. 862.

[6] It appears that appellant paid the Valley Implement & Vehicle Company a commission of $281.25 for effecting the sale to Celum, and it is urged that in any event appellant should have had judgment against the company, recovering back the commission so paid. The suit at bar, however, is based upon the express contract evidenced by the notes of the parties. If any obligation exists upon the part of the Valley Implement & Vehicle Company to refund the commission, it arises upon an implied contract, and there is no pleading to warrant a recovery thereof upon that theory. A recovery upon an implied contract cannot be had where the suit is based upon an express contract. See cases cited 13 Michie, Dig. 1176.

[7] Appellant contends that the judgment in A. T. Celum's favor upon his cross-action is excessive in two particulars, viz.: (1) In the allowance of $244.21 for expense items incurred for labor, gasoline, and lubricating oil in testing the plow; (2) in the allowance of $150, the price of a 3-bottom 16″ Hackney gang attachment.

As to the first item, the rule is well settled that upon rescission of a contract for fraud inducing its execution, the purchaser is entitled to recover back the purchase price, if already paid, with such special damages, if any, as could have been reasonably contemplated as a result of the fraud. And when the purchaser has incurred necessary expenses, which are the direct and proximate consequence of the fraud, such expenses should certainly be taken into consideration as a proper element of special damages. Hubbs v. Marshall, 175 S. W. 716; 14 Am. & Eng. Ency. Law (2d Ed.) 179.

The items of expense, the allowance of which is complained of, were necessarily incurred in making the thorough and complete test given by Celum in an earnest effort to make the plow do the work which it was represented it would do; the expense accrued as a direct and proximate result of appellant's fraud, and there was no error in allowing a recovery thereof.

[8] As to the gang attachment, it is asserted that no false representations were made with respect thereto, and there was no ground for a rescission of the contract of sale thereof, with recovery of the purchase price paid therefor. This attachment was part of the original order, and an essential part and parcel of the plow outfit; it was part of a complete whole and the right to tender it back and recover its purchase price followed as a necessary consequence, if Celum was entitled to a rescission of the purchase of the auto plow.

Consideration has been given to the various assignments which complain of the rulings upon evidence, and the conclusion is reached that they present no error.

The assignments complaining of the refusal to instruct a verdict in appellant's favor are overruled, for the reason that defendant's pleadings presented a valid defense, and there is ample evidence to support the issues presented.

For like reason, there was no error in the submission to the jury of issues 3, 4, and 9.

[9] The court did not err in its instruction that any representations made by Henry Brown in procuring the indorsement of the Valley Implement & Vehicle Company to said notes that the plow was satisfactory to Ce-

lum, and that it worked well, would be binding on the plaintiff if such statements were relied upon by the Valley Implement & Vehicle Company in indorsing the notes. As is stated, it is immaterial whether appellant authorized Brown to make the representations. It cannot avail itself of the fruits of the false representations, and at the same time disclaim responsibility therefor.

There is no error in the failure of the court to submit issue No. 9, requested by appellant. There was no attempt to recover, and no recovery allowed for any damage arising from defective parts.

Assignments 26 to 30, both inclusive, are without merit.

[10] By its thirty-first assignment, appellant complains of the action of the court in establishing and foreclosing a lien in A. T. Celum's favor upon the auto plow and attachments to secure the payment of the amount adjudged to him upon his cross-action. The counterclaim of Celum for the $500 cash, paid at the time the plow was purchased, the freight paid thereon, and expenses incurred in testing the plow, simply represented an unsecured demand against appellant. The case presents no aspect, justifying the establishing of an equitable lien upon the plow to secure its payment. If appellant were insolvent, that possibly would present a case where equity would intervene and establish a lien to secure the payment of the counterclaim. Such was the case in Hall v. Bank, 143 Wis. 303, 127 N. W. 969, cited by appellees. That is the distinguishing feature of that case. We do not regard the fact of appellant's nonresidence as raising any equity in appellee's favor sufficient to justify the establishment of a lien upon the plow and attachments. In 35 Cyc. 612, it is said:

"It has also been held that the buyer has a lien on the goods for advances made in the purchase price, and that, in an action to recover the purchase price on a rescission of the contract, a lien to secure such payment is properly decreed" (citing two Kentucky cases).

It will be noted that Cyc. does not give its indorsement to this holding, but merely states the fact that it has been so held. The other authorities cited by appellee simply relate to general principles of equity jurisprudence, and have no special pertinency to the question here considered. The court erred in establishing and foreclosing this lien, and the judgment in that particular will be reformed.

Reformed and affirmed.

On Rehearing.

In passing upon the twenty-fourth assignment, it was said in the original opinion that there was no error in refusing to submit special issue No. 9, requested by appellant, because there was no attempt to recover, and no recovery allowed for, any damage arising from defective parts. On the motion for rehearing our attention is called to the fact that a recovery was sought by A. T. Celum for such damages. The opinion is here corrected in that particular. Appellant admits, however, that no recovery was allowed for such items. In passing upon the assignment, it may be further remarked that the issue concerned merely a minor evidentiary fact. The issue reads:

"Did A. T. Celum return the defective parts of the auto plow charged for in his Exhibit A to plaintiff as requested in the order for said plow?"

The motion for rehearing has been carefully considered, and the conclusion reached that a correct disposition of the appeal was made in the original opinion, and that the motion should be overruled.

It is so ordered.